Irving Younger, J.
Section 232-a of the. Beal Property Law says that a landlord who wishes to terminate a month-to-month tenancy in New York City must serve a 30-day notice to quit. It is settled that anything less than 30 days is insufficient. (Clarke v. Shepard, 188 Misc. 588 [App. Term., 1st Dept., 1947].) This case raises, apparently for the first time, the question whether a notice good at the outset can ever he vitiated.
Bespondent is a month-to-month tenant. On November 28, 1972, petitioner served upon him a 30-day notice which complied in all respects with section 232-a. When respondent failed to vacate, petitioner brought on a summary holdover proceeding. That case was tried on February 6, 1973; the outcome, dismissal of the petition without prejudice, for technical failures of proof.
On February 12, 1973, this proceeding was commenced. It is substantially identical to the first, except that no new 30-day notice has been served.
By oral motion at the start of the trial, respondent moved to dismiss on the ground that a new notice was required., I granted the motion. Petitioner now reargues. I have not changed my mind.
Section 232-a does two things. First, it provides that a month-to-m.onth tenancy may he terminated by service of a 30-day notice to quit. Second, it specifies that the notice must tell the tenant that “ unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.”
The function of the notice, therefore, is twofold. It ends the tenant’s estate, and it informs him of the consequence of his. failure to vacate. Because of the latter feature, I take it that the Legislature did not intend a 30-day notice to he good forever. If a landlord does not proceed with reasonable diligence, the notice will at some point — whatever the period be — lose its force, and the tenant revert to his prior status. The landlord’s inaction, in short, will he deemed a waiver of the 30-day notice. (Cf. Gramford Realty Corp. v. Valentin, 71 Misc 2d 784 [Civ. Ct. of City of N. Y., N. Y. County, 1972].)
*734 Then the passage of time vitiates the notice. Does anything else? Again, one must remember the notice’s second function: to inform the tenant of the consequence of his-failure to vacate. That consequence is the bringing of a summary proceeding. Here, it was brought. It was tried. And it was dismissed. At that point, as I read section 232-a, the tenant was entitled to a certain peace of mind. The landlord had done what in the notice he had threatened to do. He had lost. Perhaps now the landlord would lose interest in evicting the tenant. Perhaps the landlord would come to the tenant with an offer of compromise. Perhaps the landlord would be unable to cure the technical deficiencies which led to dismissal of the first petition. All of these are things a tenant might reasonably hope. But if he is wrong, if the landlord remains bent on eviction, if the landlord has no desire to compromise, if the landlord can prove his ease* I hold that section 232-a requires the tenant to be informed of the landlord’s intention by service of a new notice. Without a new notice, any subsequent summary proceeding must be dismissed.
I know that the statute refers to the landlord’s bringing “summary proceedings” to dispossess a nonvacating tenant. From this petitioner argues that the Legislature contemplated a single notice followed by seriatim summary proceedings. So serious a result for tenants should not, in my judgment, be made to depend upon so slight a point of style. The argument is overborne by the considerations mentioned above.