Bextley Kassal, J.
This holdover summary proceeding raises the question of whether a 10-day notice to cure, required by subdivision a of section 52 of the Rent, Eviction and Rehabilitation Regulations of the Department of Rent and Housing Maintenance, survives the dismissal of one summary proceeding based thereon and may thereafter support a second such proceeding.
Respondent is a statutory tenant. On June 1, 1973 the landlord served him with a notice that he was violating a substantial obligation of his tenancy by subletting his apartment and warned that unless the violation was cured within 10 days, then 30 days thereafter the tenancy would terminate and the landlord would institute dispossess proceedings.
On June 15,1973, the landlord served a 30-day notice that the tenancy would be canceled for failure to cure the violation described in the 10-day notice. Such proceedings, commenced on August 3, 1973, were dismissed on September 5, 1973, due to technical errors in the 30-day notice.
Finally, on September 10, 1973, the landlord served a new 30-day notice grounded on the original 10-day notice and on November 5 commenced the present proceedings.
Tenant contends that the original 10-day notice is no longer effective. To appreciate the purpose and effect of this notice it is helpful to examine several sections of the Rent, Eviction and Rehabilitation Regulations. In general, sections 51 and 54 provide that no statutory tenant may be evicted, except for nonpayment of rent, unless the landlord has first obtained a certificate of eviction issued by the Administrator. Subdivision a of section 56 specifically provides for eviction certificates where the statutory tenant has sublet the premises.
Had the landlord proceeded under subdivision a of section 56 and obtained a certificate, he would have been barred by *898 section 54 from commencing a holdover proceeding until 3 months after the issuance of the certificate.
For whatever reason, the landlord herein chose not to follow the above procedure, but instead to proceed under an alternative, the exception provided in subdivision a of section 52 which permits eviction without certificate on the grounds that: “ The tenant is violating a substantial obligation of his tenancy other than the obligation to surrender possession of such housing accommodation and has failed to cure such violation after written notice by the landlord that the violation cease within 10 days; or within the 3 month period immediately prior to the commencement of the proceeding, the tenant has wilfully violated such an obligation inflicting serious and substantial injury upon the landlord ”.
The landlord herein proceeded under the first clause of this section and therefore he was required to give the tenant notice and an opportunity to cure the claimed violation. Under this section mere failure to cure within 10 days does not result in an immediate eviction or even a right to maintain a holdover proceeding. The landlord must first give the tenant a further one-month written notice that he elects to rely on the failure to cure as the ground for such a proceeding (§ 53).
While the tenant herein did receive a notice to terminate, expressly referring to the failure to cure the violation set forth in the 10-day notice, the holdover proceeding brought thereon was dismissed because the notice to terminate was a nullity. Although the tenant may have been warned by the 10-day notice that the landlord might elect to evict him, that election had been voided and with it, the 10-day notice. ' In our case, considerable period of time had passed. The 10-day notice was given on June 1, 1973 and the 30-day notice on September 10, 1973 — • more than 3 months later.
Should not the tenant at this point be entitled to a feeling of security from further legal process? I think so. By the dismissal of the first proceeding and the passage of time, the 10-day notice had lost its vitality. The failure of the landlord to have served a new 10-day notice to cure, before proceeding with a second notice to terminate, is fatal. The respondent’s motion is granted and this proceeding is dismissed, (cf. Haberman v. Wager, 73 Misc 2d 732.)
This court is not unmindful of the fact that the landlord, as a result of this decision, will have had his case dismissed two times for technical failure. It should therefore be pointed out that apart from the decision reached above, this proceeding would have been jurisdictionally defective due to landlord’s failure *899 to comply with section 53 of the regulations. That section required that before a proceeding may be commenced the landlord must give written notice to the district rent and rehabilitation office, which, in this case, is at 2 Lafayette Street, New York City, and not as the landlord has consistently done, to the principal rent control office at 110 Church Street, New York City. This error is apparent from the notations on the face of the landlord’s notices.