George M. Fleary, J.
This is a hold-over proceeding wherein the landlord seeks to obtain possession of the premises from one Mildred Williams. This proceeding was commenced, pursuant to a petition and precept, dated February 17, 1974. The papers have annexed thereto a 30-day notice to terminate tenancy, dated December 29, 1973. This same landlord, William A. Colavolpe, commenced a prior hold-over proceeding against the instant tenant on February 13, 1974, under Landlord And Tenant Number 8022/74, employing the identical 30-day notice to terminate tenancy, dated December 29, 1973, as he seeks to use in this later, and current proceeding.
The landlord argues that the same 30-day notice from the prior proceeding which was terminated by a withdrawal, without prejudice, can be used herein.
The tenant argues that a termination of the prior proceeding by a withdrawal made the 30-day notice null and void and the landlord was required to serve a new and different 30-day notice, in this current proceeding.
*431 It is established law that there must be a finality to an action or a proceeding.
In a recent landlord-tenant proceeding, >on February 12, 1973, my learned colleague, Judge Irving Younger, of this court, was met with a similar problem. (Haberman v. Wager, 73 Misc 2d 732.) The learned Judge held that where a valid 30-day notice was served upon a month-to-month tenant, in New York City, but the summary hold-over proceeding was disniissed without prejudice for technical failure of proof, the landlord could not commence a new proceeding, without service of a new notice.
The instant case is similar in that no new 30-day notice was served.
When the prior action was withdrawn without prejudice, the entire proceeding was terminated, including the 30-day notice. Without a new 30-day notice, a subsequent .summary proceeding must fail. It was not intended that the 30-day notice could hang like the sword of Damocles over the head of the tenant, to be used at some future date, at the whim of the landlord. Indeed, the tenant is entitled to know that the prior action was in all respects terminated, in effect, that he had won the prior case.
The notice under section 232-a of the Real Property Law intends a notice to be served upon a tenant informing him of the grounds upon which the landlord seeks to base his action. This notice is required separately in each proceeding.
The failure of the landlord to have served upon the tenant a new 30-day notice is fatal. Accordingly, the motion of the respondent-tenant is granted and the petition is dismissed without prejudice.