Per Curiam.

During the period of appellant’s last occupancy *495 agreement designated occupancy permit, with the owner of the Bronx Terminal Market, the City of New York, by which appellant was authorized to occupy and use certain stalls in the market, the City of New York leased the entire market to the respondent under a long-term lease. Appellant’s original occupancy permit having expired, appellant occupied the stalls in question during the respondent’s leasehold without any further agreement therefor.
The trial court correctly determined that the occupancy permit was actually a lease (City of New York v Pennsylvania R. R. Co., 37 NY2d 298; Greenwood Lake & Port Jervis R. R. Co. v New York & Greenwood Lake R.R. Co., 134 NY 435, 439; Williams v Hylan, 223 App Div 48, 53, affd 248 NY 616), and that respondent was a proper party petitioner to bring this summary proceeding against appellant as a month-to-month holdover tenant, upon appellant’s attornment to respondent. The provisions of the lease, including the jury waiver, were properly read as continued into the holdover tenancy (Avenue Assoc. v Buxbaum, NYLJ, Oct. 9, 1975, p 6, col 2; Perlow v Mankato, NYLJ, Sept. 16, 1975, p 10, col 5; Lera Realty Co. v Rich, 273 App Div 913).
No rights of appellant were affected by the lease between the overlandlord City of New York and respondent; and it was inappropriate for appellant, in its attempt to defeat respondent’s proceeding, to collaterally attack the overlease (Tilyou v Reynolds, 108 NY 558; People v Savage, 236 App Div 745; Fergus Motors v Kramer, 72 NYS2d 439, affd 273 App Div 760).
The record shows that the termination of appellant’s occupancy agreement was not solely because of appellant’s activity in the tenants’ association. Hence, assuming, arguendo, that striking tenant’s fourth affirmative defense was error (see Mobil Oil Corp. v Rubenfeld, 48 AD2d 428; Hallahan v Rogers, NYLJ, .Oct. 16, 1972, p 2, col 3; Club Van Cortlandt v Hosey, NYLJ, June 11, 1970, p 2, col 2), the error was harmless, since the defense was not made out factually.
In the fact pattern under review, that the first petition was discontinued by respondent because defective did not require that a second notice to quit be served. The first proceeding was attacked by appellant as a nullity; hence it may not now be asserted by appellant to bar the second (Ferrandino v Cartelli, 12 AD2d 604). Moreover the second proceeding was *496 brought promptly and within a reasonable time after the notice of termination was served.
The proceeding was not terminated upon the acceptance by respondent of a payment in the amount of the rent after the proceeding had been commenced (Real Property Actions and Proceedings Law, § 711, subd 1; Melroy Realty Corp. v Siegel, 60 Misc 2d 383). After termination of a tenancy a landlord may accept payment for a period extending beyond the termination date of the tenancy without prejudice to his rights, provided this occurs after the commencement of the holdover summary proceedings (Amalgamated Housing Corp. v Luxenberg, 8 Misc 2d 831, citing Civ Prac Act, § 1410, subd 8, now Real Property Actions and Proceedings Law, § 711). The final judgment, entered August 8, 1975 (Nolan, J.) should be affirmed, with $25 costs.
Stay previously granted by this court to continue until January 31, 1976, on condition that the appellant continues to pay for use and occupancy, at the current rate, on the regular monthly due date.
Concur: Frank, J. P., Hughes and Fine, JJ.