Arthur E. Blyn, J.
To be or not to be, that is the question? That is the predicament faced by a tenant served with a 30-day notice where the proceeding based on such notice is terminated without removal.
Identical motion papers under both index numbers are consolidated for purposes of disposition.
The motions seek dismissal of the petitions on the grounds that petitioner has failed to give the required 30-day notice pursuant to sections 52 and 53 of the New York City Rent, Eviction and Rehabilitation Regulations.
Subdivision b of section 53 reads as follows:
"§ 53. Notices required in proceedings under section 52. * * *
"b. Where the notice specifies one or more of the grounds stated in paragraphs 1, 5 and 6 of section 52 for such removal or eviction, not less than one month”.
The present holdover proceedings were commenced by petitions dated December 22, 1976; however it is undisputed that the notices to vacate were dated October 19, 1976 and used against the same tenants in prior proceedings under index numbers 126143/76 and 126145/76. Then, and now, landlord sought possession based on the tenants’ alleged violation of a substantial obligation of their tenancies. The prior proceedings were withdrawn without prejudice by petitioner landlord on December 17, 1976. There was thus a lapse of two months between the service of the 30-day notice and the commencement of this second proceeding. The sole issue presented is whether the 30-day notices, valid at the outset when served as the basis for the first, prior, proceedings, remained valid when used in these subsequent proceedings.
This issue has been posed before and answered in the negative. (Haberman v Wagner, 73 Misc 2d 732; Brullo v Suen, 76 Misc 2d 896; and Colavolpe v Williams, 77 Misc 2d 430.) Normally this would be a simple disposition of the within motions. A recent case, at first glance, however appears to have arrived at a contrary position and inasmuch as it resulted in an Appellate Term, First Department affirmance (Arol Development Corp. v Goodie Brand Packing Corp., 84 Misc 2d 493) this court must resolve this apparent conflict. In Haberman and Colavolpe (supra) although the courts were not *677 dealing with a notice requirement under sections 52 and 53 of the Rent and Eviction Regulations, the notice requirement in those cases is analogous. Haberman and Colavolpe involved the validity of a 30-day notice served pursuant to section 232-a of the Real Property Law: "Notice to terminate monthly tenancy.” Brullo (supra) facing the notice requirement of section 52 relied on Haberman. In each case the prior proceeding based on the 30-day notice was terminated. Brullo and Haberman by reason of dismissals, without prejudice to commencing new proceedings, and Colavolpe, as in the within proceedings, withdrawn without prejudice. The court in Colavolpe, citing Haberman, put the matter in language worth repeating. It said (p 431): "When the prior action was withdrawn without prejudice, the entire proceeding was terminated, including the 30-day notice. Without a new 30-day notice, a subsequent summary proceeding must fail. It was not intended that the 30-day notice could hang like the sword of Damocles over the head of the tenant, to be used at some future date, at the whim of the landlord. ” (Emphasis added.) The prejudice resulting from the landlord’s failure to serve a new 30-day notice is that the tenant is lulled into a false sense of security.
This court believes that the Arol case (supra) did not present that court with the issue before the courts in the Haber-man, Colavolpe and Brullo cases. A reading of the decision appealed from in Arol, in this court’s opinion, reveals that the Appellate Term did not intend to overrule the reasoning of these prior decisions.
In Arol the petitioner became aware of the defect in his petition before the proceeding was terminated and commenced a second proceeding based on the same 30-day notice without discontinuing the first proceeding and thus both proceedings were in existence at the same time. There was also a very short lapse of time between the first and second proceeding. The petitioner in Arol moved to discontinue the first proceeding and the respondent cross-moved to dismiss the second proceeding. Upon these facts the court denied respondent’s cross motion reasoning as follows: "Goodie [the respondent] calls attention to Haberman v Wager * * * and Colavolpe v Williams * * * each of which required a new 30-day notice; but, in each of these proceedings, the prior proceeding had already been terminated when the second proceeding was commenced — which is not the case here. In Haberman, the *678 court reasoned that if a new 30-day notice was not served ir the second proceeding, the tenant would not know for sure whether landlord still intended to evict him. * * * Here, however, on June 10, 1975, when both proceedings were still in existence, counsel for Arol discontinued the first proceeding in open court and clearly informed the court and counsel for Goodie * * * that Arol intended to proceed with the second proceeding (this proceeding) which was still in existence.” (Arol Development Corp. v Goodie Brand Packing Corp., 83 Misc 2d 477, 481-482, supra.) The Appellate Term in affirming the lower court’s holding also said: "Moreover, the second proceeding was brought promptly and within a reasonable time after the notice of termination was served.” (Aral, 84 Misc 2d 493, 495-496, supra.)
In Arol there was no basis for the tenant to assume that the first proceeding had been resolved. There had been no termination of the first proceeding and in addition the second proceeding was brought promptly and within a reasonable time after the 30-day notice had been served.
In light of this discussion respondents’ motions are granted.