OPINION OF THE COURT
Richard S. Lane, J.
The holdover petition herein is premised on three separate grounds: (a) Occupancy is sought in good faith for landlord’s son and daughter-in-law, (b) Tenant maintains his primary residence elsewhere, and (c) Tenant has violated the lease by subletting without landlord’s consent.
A previous holdover petition premised on the same three grounds was dismissed without prejudice on or about September 12, 1983, for nonappearance by landlord. That previous holdover petition was preceded by a letter dated February 16, 1983, referring to ground (a), by a notice to cure dated June 23, referring to ground (c), and by a notice of termination dated July 16, 1983, referring to the notice to cure. No subsequent or additional notices were served prior to the commencement of the present proceeding on or about September 27, 1983.
Tenant concedes that landlord is entitled to go to trial on ground (a), but moves to dismiss with respect to grounds (b) *793 and (c) for failure to serve necessary preceding notices. Accordingly he alleges lack of subject matter jurisdiction.
With respect to ground (b), tenant is correct in my opinion.
Section 55 of chapter 403 of the Laws of 1983 clearly provides that “No action or proceeding shall be commenced seeking to recover possession on the ground that a housing accommodation is not occupied by the tenant as his primary residence unless the owner or lessor shall have given thirty days notice to the tenant of his intention to commence such action or proceeding on such grounds”. Landlord relies on her previous Conciliation and Appeals Board (CAB) proceeding on the same grounds as giving adequate notice. Her CAB proceeding was dismissed without prejudice prior to determination because the same section 55 of chapter 403 had ousted CAB and established the courts as the only proper forum.
The trouble with landlord’s position is twofold. First the CAB proceeding was commenced on June 20,1983,10 days prior to the end of the term of tenant’s lease, and section 57 of chapter 403 prohibits the commencement of a prime residency proceeding until expiration of the lease. Secondly, and more importantly, in no way can the previous existence of a CAB proceeding be twisted into notice of intention to commence a proceeding in court. The CAB dismissal order itself spells out the requirement of an independent notice.
With respect to ground (c) tenant is also correct in my opinion.
Prior to Arol Dev. Corp. v Goodie Brand Packing Corp. (83 Misc 2d 477, affd 84 Misc 2d 493, affd 52 AD2d 538), the courts had engrafted on to section 232-a of the Real Property Law and other notice statutes and regulations a second notice requirement when a previous proceeding was determined adversely to landlord not on the merits (Colavolpe v Williams, 77 Misc 2d 430; Brullo v Suen, 76 Misc 2d 896; Zimmerman v Buffolino, NYLJ, July 31, 1974, p 12, col 2; Haberman v Wager, 73 Misc 2d 732). These cases painted the picture of tenant lulled into a false sense of security while, like the sword of Damocles, the earlier notice continued to hang over his head. The Arol case *794 (supra) carved out an exception when the second proceeding was commenced prior to discontinuance of the first.
Subsequent to Arol (supra) and because the appellate decisions therein had not dwelled on its unique facts, I thought it might be the entering wedge for a broader exception (Little Ferry Assoc. v Huber, NYLJ, Dec. 17, 1979, p 14, col 4). With one exception where the lapse between the two proceedings was only one day (DiCara v Cecere, NYLJ, April 18, 1979, p 13, col 5), mine was a lone voice and my colleagues all held Arol (supra) to be sui generis (Haberman v Wager, NYLJ, June 30, 1980, p 6, col 5; Kazis v Tab-Tex, Inc., NYLJ, Nov. 1, 1979, p 6, col 5; Reade Organization v Parker, NYLJ, Oct. 1, 1980, p 10, col 6; Weinberger v Driscoll, 89 Misc 2d 675). And on reflection, in matters procedural perhaps a rule of certainty is preferable to deciding on an ad hoc basis in each case whether the lapse between the two proceedings is reasonable or unreasonable.
Accordingly the motion is granted to the extent of striking the allegations of the petition pertaining to tenant’s primary residence and to tenant’s subletting without consent.
Trial on the allegations pertaining to occupancy by landlord’s son and daughter-in-law shall go forward on December 5, 1983.