OPINION OF THE COURT
Margaret Gammer, J.
Respondent tenant is a participant in the section 8 Federal housing subsidy program. Petitioner seeks to evict respondent on a claim that she needs the premises for use by a family member.
*794 Respondent moves to dismiss the petition on the grounds that petitioner has not requested and received the required written authorization from the New York City Housing Authority (NYCHA) to commence these proceedings. Petitioner opposes the motion arguing that NYCHA authorization received prior to the dismissal of a previously dismissed proceeding is valid for the purposes of the instant proceeding.
To evict a section 8 tenant, a landlord must first request and receive written authorization from NYCHA (see, stipulation and order, US Dist Ct, SD NY, 81 Civ 1801, June 9, 1982). Petitioner made a request for such authorization on August 28, 1986. After receiving written authorization on September 8, 1986, a summary proceeding was commenced. That proceeding, however, was dismissed on March 2, 1987 because petitioner failed to attach the written authorization to the pleading as required. (Mau v Stapleton, L&T index No. 102884/86, Mar. 2, 1987.)[1]
The issue for determination here is whether an authorization, procured as the predicate for a dismissed proceeding, is valid for the purposes of a new proceeding commenced over nine months after the authorization was issued.
Before any NYCHA authorization to evict can be granted, a tenant must first receive notice of the request and be given at least 10 days to respond to the allegations. In making the request, a landlord must allege facts to support his or her grounds for eviction (24 CFR 882.215). Such notice and authorization "are essential elements of summary proceedings to evict section 8 tenants”. (Jennie Realty Co. v Sandberg, 125 Misc 2d 28, 29 [App Term, 1st Dept 1984].)
Petitioner, claiming she needed the subject apartment for a family member, received written authorization in September 1986, nearly a year ago, to "commence eviction proceedings in accordance with local law.” While she commenced such proceedings, she failed to comply with local law (by failing to attach the written authorization to the pleading), and, accordingly, the proceeding was dismissed. At that point, the case was terminated and respondent was no longer on notice of any eviction attempt.
*795 Upon dismissal of a holdover proceeding, a respondent is entitled to a certain peace of mind that an eviction is no longer pending. Thus, a 30-day notice terminating a tenancy is void upon dismissal of the proceeding thereon, and a new 30-day notice is required to be served before a new proceeding may be commenced. (Colavolpe v Williams, 77 Misc 2d 430 [Civ Ct, Kings County 1977]; Weinberger v Driscoll, 89 Misc 2d 675 [Civ Ct, NY County 1977]; Haberman v Wager, 73 Misc 2d 732 [Civ Ct, NY County 1973].)[2] The purpose of the 30-day notice, as with the authorization request, is to inform the tenant of an impending proceeding and the grounds upon which it will be based so that the tenant may respond. Such notices should not be allowed to "hang like the sword of Damocles over the head of the tenant, to be used at some future date, at the whim of the landlord.” (Colavolpe v Williams, supra, at 431.) Rather, once the proceeding has been dismissed the tenant is once again entitled to new notice. The same reasoning certainly holds true for the authorization to evict.
It is now 11 months since authorization was received. Can petitioner make the same allegations at this time in support of her eviction request? Will NYCHA still find those allegations sufficient? Does respondent now have additional information which would effect NYCHA’s decision? These questions can only be answered upon a new request for authorization on notice to respondent. To hold that the prior authorization continues to be valid when circumstances may likely have changed places respondent in a continuous and unsettling state of uncertainty. If the notice is still good 11 months and 1 proceeding later, is it still good 5 years and 5 proceedings *796 from now? I think not. The authorization allows for commencement of a proceeding based on the grounds stated in it. Those proceedings were commenced and dismissed. In order to bring a new proceeding, reauthorization must be obtained.
Petitioner contends that since the authorization grants permission to commence "summary proceedings” this plural usage indicates that petitioner needs only a single authorization to bring as many proceedings as she deems necessary. However, "[s]o serious a result for tenants should not * * * be made to depend upon so slight a point of style.” (Haberman v Wager, supra, at 734.) The protection of respondent’s rights to be put on notice of an eviction proceeding outweighs petitioner’s argument.
Accordingly, the motion is granted and the petition is dismissed, without prejudice.

. This case was dismissed twice before the March 2, 1987 dismissal. The first proceeding, commenced on September 9,1985, was dismissed for failure to serve the requisite 30-day notice. The second proceeding, commenced February 25, 1986, was dismissed for failure to receive the NYCHA authorization.

. Compare Arol Dev. Corp. v Goodie Brand Packing Corp. (83 Misc 2d 477, affd 84 Misc 2d 493, affd 52 AD2d 538, mot to dismiss appeal granted 39 NY2d 1057), where it was held, that after the discontinuance of a summary proceeding, a new 30-day notice need not be served upon commencement of a new proceeding; however, in that the second holdover proceeding was begun while the first one was pending. As the Arol Trial Judge noted when he distinguished that proceeding from Haberman v Wager (73 Misc 2d 732) and Colavolpe v Williams (77 Misc 2d 430) "[i]t is important to note that when Arol moved to discontinue * * * there were two summary proceedings in existence — each alleging service of and relying upon the same 30-day notice” (Arol Dev. Corp. v Goodie Brand Packing Corp., 83 Misc 2d 477, 481, supra; see also, Weinberger v Driscoll, 89 Misc 2d 675). Arol, he then noted, differed from Haberman and Colavolpe (and, for the same reason, from this matter) because in each of those proceedings "the prior proceeding had already been terminated when the second proceeding was commenced — which is not the case here” (supra, at 482).