OPINION OF THE COURT
Robert F. Dolan, J.
This action was commenced by the service of notice of petition and petition on May 13, 1992, returnable on the 22nd day of May 1992, alleging respondent using the premises for an "illegal trade or business and for illegal use” by using the apartment as a "crack house”.
Respondent occupies the premises pursuant to a written *557 lease which is subject to the provisions of the section 8 Housing Assistance Payments Program of the United States Housing Act of 1937 (42 USC § 1437f). Respondent’s tenancy is governed by the regulations of 24 CFR part 886.
Admittedly, plaintiff did not serve the notice of petition and petition in accordance with the requirements of 24 CFR part 882 nor Handbook § 7420.7 for the section 8 Existing Housing Assistance Program of the United States Department of Housing and Urban Development.
In support of its position, respondent relied on the decision of New York County Disk Attorney’s Off. v Quendo (147 Misc 2d 125, 130) which held "[a]n illegal use proceeding commenced under RPAPL 711 (5) is not a holdover proceeding so there is no requirement to serve a statutory termination notice”. Petitioner’s reliance on this case is misplaced.
A tenant in a Federally subsidized housing project has a constitutionally protected expectation of continued occupancy in the absence of good cause for termination and such statutory entitlements are protected by the Due Process Clause of the Constitution. (Goldberg v Kelly, 397 US 254; Escalera v New York Hous. Auth., 425 F2d 853 [2d Cir], cert denied 400 US 853; Swann v Gastonia Hous. Auth., 675 F2d 1342 [4th Cir 1982].)
A tenant may not be evicted from his home inhabited under a Federally subsidized lease without good cause. (Jeffries v Georgia Residential Fin. Auth., 503 F Supp 610 [1980].)
A prior written notice of termination is an essential element of a summary proceeding involving Federally subsidized housing programs and the failure to serve a prior written notice of termination is a fatal jurisdictional defect. (Jennie Realty Co. v Sandberg, 125 Misc 2d 28; Mau v Stapleton, 136 Misc 2d 793.)
It is the opinion of this court that the basis of the determination by a landlord to terminate a tenancy pursuant to RPAPL 711 (5) does not change or eliminate any of the provisions requiring notice for the termination of the tenancy in a Federally subsidized housing program. In this action the landlord was required to comply with the provisions of 24 CFR 247.4 (b) (manner of service) and 24 CFR 247.4 (c) (time of service).
Accordingly, respondent’s application is granted and the petition is dismissed.