*224 OPINION OF THE COURT
Alan A. Bergstein, J.
This is apparently a case of first impression. The issue, very simply is: What is the effect of a notice to quit, served on a tenant at will, under Real Property Law § 228, more than 18 months prior to the institution of a summary proceeding? Is it significant that a prior summary proceeding was dismissed as a result of improper service of process?
Is a 30-day notice, served on a tenant at will pursuant to Redi Property Law § 228, vitiated by the institution of a summary proceeding based thereon, which summary proceeding is dismissed? We are of the opinion that the answer is "No”.
Petitioner is the residuary legatee under the last will and testament of Elsa Kinavs, who died a resident of Nassau County® in 1987.
Under the residuary bequest contained in Ms. Kinavs’ will, petitioner was devised fee title to the real property, the subject matter of the instant proceeding, said property is known as and by the street address 15 Locust Avenue, Port Washington, New York (the Premises). Article fourth of the decedent’s will contained what was claimed to be language creating a life estate in the premises in respondent, Gorg Alexejew.
A construction proceeding was brought by respondent in the Surrogate’s Court, Nassau County, before Judge C. Raymond Radigan. The Surrogate construed article third of the decedent’s will as devising fee title to the premises to petitioner and construed article fourth as creating a tenancy at will. (Decision dated May 16, 1994; decree dated June 27, 1994.) Essentially the tenancy was cancellable on 30 days’ notice (Real Property Law § 228).
Respondent appealed the decree construing articles third and fourth to the Appellate Divison, Second Department, which affirmed without opinion on June 5, 1995 (Matter of Kinavs, 216 AD2d 299.)
Prior to the construction proceeding and on June 16, 1993, petitioner served respondent with a "Notice to Quit” under Real Property Law § 228. A summary proceeding instituted by service of petition and notice of petition on September 8, 1993 was dismissed by order of Judge Steven Scharoff.
The instant proceeding was brought, returnable January 18, 1995, predicated upon the notice to quit which was served on June 16, 1993.
*225 Respondent has orally moved to dismiss the instant proceeding upon the ground that the dismissal of the first summary proceeding, after the traverse hearing, renders the notice to quit a nullity and requires petitioner to start, literally, from "square one”. We disagree.
There is no question that tenancies at will require the service of a notice to quit, as the predicate to the institution of a summary proceeding. Real Property Law § 228 states: "A tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than thirty days given in behalf of the landlord, to the tenant, requiring him to remove from the premises; which notice must be served, either by delivering to the tenant or to a person of suitable age and discretion, residing upon the premises, or if neither the tenant nor such a person can be found, by affixing it upon a conspicuous part of the premises, where it may be conveniently read. At the expiration of thirty days after the service of such notice, the landlord may re-enter, maintain an action to recover possession, or proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit.”
Month-to-month tenancies also require the service of a notice of termination of said tenancy, not less than one month prior to the institution of a summary proceeding.
"Notice to terminate monthly tenancy or tenancy from month to month in the city of New York.
"No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.” (Real Property Law § 232-a.)
"Notification to terminate monthly tenancy or tenancy from month to month outside the city of New York.
"A monthly tenancy or tenancy from month to month of any lands or buildings located outside of the city of New York may be terminated by the landlord or the tenant upon his notifying the other at least one month before the expiration of the term *226 of his election to terminate; provided, however, that no notification shall be necessary to terminate a tenancy for a definite term.” (Real Property Law § 232-b.)
The difference between the two statutory sections is significant. Case law interpreting section 232-a construes tenancies which are true "holdover tenancies”. The tenants have held over after the expiration of a lease, or are protected in possession by the rules and regulations of the Rent Stabilization Association. (Haberman v Wager, 73 Misc 2d 732; Colavolpe v Williams, 77 Misc 2d 430.)
In the instant case, the respondent never had a lease. At best he had a relationship, business, social or otherwise, with petitioner’s donor/testatrix under which he resided in the premises. Although it may be claimed that Ms. Kinavs’ will was inartfully drawn, and respondent may claim that her intent was otherwise, this matter was decided at both the trial and appellate levels, the respondent having been a participant in these proceedings.
From the moment the notice to quit was first served, respondent knew that his tenancy at will was at an end. Irrespective of the dismissal of the first summary proceeding, the respondent knew that there was no way in which his tenancy would be reinstated.
This scenario is quite different from those cases cited by petitioner, where the courts have held (construing Real Property Law § 232-a) that after a dismissal of a summary proceeding predicated upon the service of a Real Property Law § 232-a notice, the petitioner landlord must start afresh. In these cases a new 30-day notice of termination must first be given as a predicate to the summary proceeding itself. (Haberman v Wager, supra; Colavolpe v Williams, supra.)
There is a significant distinction between the language of section 232-a of the Real Property Law and section 228. In section 232-a the tenant is informed that if he does not remove from the premises "on the day on which his term expires the landlord will commence summary proceedings” (Real Property Law § 232-a).
The section 228 notice requires no such additional caveat. It merely sets forth the necessity of a written notice cancelling a tenancy at will or at sufferance and sets forth the manner of service. This statutory section further states landlord’s options as options and not as mandates, in the event tenant has not vacated the premises. (Real Property Law § 228.)
Respondent urges that 1100 Ave. of the Ams. Assocs. v 1100 Ave. of the Ams. Deli Corp. (NYLJ, July 18, 1990, at 19, col 4), *227 which cites Kaycee W. 113 St. v Diakoff (160 AD2d 573), puts the matter to rest. With respect to the utilization of a predicate notice under Real Property Law § 232-a, in a second proceeding, it may well have. Real Property Law § 232-a is not the statute in issue in this proceeding. Real Property Law § 228 is.
For all of the reasons set forth above, not the least of which is the difference between statutory sections 232-a and 228 of the Real Property Law, it is this court’s holding that the instant summary proceeding, predicated upon the notice to quit, served on June 16, 1993, is valid, subsisting and may proceed to trial.
Accordingly, respondent’s motion to dismiss, on the basis of the failure of petitioner to serve a new notice to quit, after the dismissal of her initial summary proceeding, is denied.