[909 NYS2d 861]

Ennismore Apartments, Inc., Appellant, v Allan Gruet, Respondent, et al., Respondents.

Supreme Court, Appellate Term, First Department, September 17, 2010

**APPEARANCES OF COUNSEL**

*Thomas S. Fleishell & Associates*, New York City, for appellant. *Penn, Proefriedt Schwarzfeld*, New York City, for Allan Gruet, respondent.

## OPINION OF THE COURT

Per Curiam.

Final judgment, entered on or about April 18, 2008, reversed, with $30 costs, final judgment of possession awarded to petitioner, and matter remanded for determination of petitioner's claim for use and occupancy. Execution of the warrant of eviction shall be stayed for 30 days after service of a copy of this order with notice of entry.

We agree with petitioner-appellant that respondent Gruet is not entitled to succeed to the subject West 79th Street rent-stabilized apartment. Respondent is judicially estopped from asserting that he primarily resided at the subject unit for the relevant time period—the two-year period immediately prior to the death of the tenant—since, in a prior holdover proceeding, he asserted in a verified answer that he was the tenant of record of and primarily resided in another, rent-controlled apartment on West 88th Street during that same period (*see Gale P. Elston, P.C. v Dubois*, 18 AD3d 301 [2005]). Critically, pursuant to a "so-ordered" stipulation settling the prior proceeding, respondent accepted $150,000 to vacate the rent-controlled unit there at issue, and a final judgment was entered in favor of the owner of the West 88th Street building premises.

> "While a settlement does not constitute a judicial endorsement of either party's claims or theories and thus does not provide the prior success necessary for judicial estoppel . . . here, the stipulation was so-ordered by the court, which thereby inferentially endorsed [respondent's] then position concerning [his primary residence in the rent-controlled unit],

satisfying the prior success element necessary for judicial estoppel" (*Manhattan Ave. Dev. Corp. v Meit*, 224 AD2d 191, 192 [1996], *lv denied* 88 NY2d 803 [1996] [citations and internal quotation marks omitted]; *see also State Farm Mut. Auto. Ins. Co. v Chandler*, 35 AD3d 588 [2006]).

It need be emphasized that respondent, who had a duty to occupy the rent-controlled apartment as his primary residence (*see Cenpark Realty, LLC v Mesnikoff*, 10 Misc 3d 137[A], 2005 NY Slip Op 52159[U] [2005]; *see also Matter of Stahl Assoc. Co. v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 148 AD2d 258, 262-263 [1989]), admittedly took occupancy of the rent-controlled apartment in 1964 and utilized it for many years, including the two-year period determinative of his succession claim herein. In this posture, respondent should not be permitted to avail himself of the advantages of the rent laws when it furthers his interests and decline to be bound by them when it proves detrimental to those interests (*see Drucker v Mauro*, 30 AD3d 37, 47 [2006], *lv dismissed* 7 NY3d 844 [2006]).

McKeon, P.J., Shulman and Hunter, Jr., JJ., concur.