OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and tenants’ motion to dismiss the petition is denied.
The issue on this appeal is whether an owner’s use nonre-newal notice was rendered stale by the stipulated discontinuance, without prejudice, of a prior holdover proceeding brought following the expiration of the lease. We hold that, in the circumstances presented, the notice was not rendered stale.
On July 10, 2014, landlord served upon tenants, pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2524.2 (c) (3), a notice of intention not to renew the lease when it expired on October 31, 2014, on the ground that landlord sought possession for his own personal use as his primary residence and for the use of his wife and five children (see RSC § 2524.4 [a]). Following the expiration of the lease, landlord promptly commenced, or believed that he had commenced, a holdover summary proceeding on November 3, 2014. On the petition’s return date, November 17, 2014, pursuant to a so-ordered two-attorney stipulation, the prior proceeding was discontinued without prejudice, after tenants had argued that the notice of petition had not been issued and no proceeding had been commenced because the clerk had neglected to affix the clerk’s signature stamp on the original notice of petition. Two days later, on November 19, 2014, landlord commenced the instant holdover proceeding. Tenants moved to dismiss the instant proceeding, arguing that the notice of nonrenewal had been rendered stale by the discontinuance of the prior proceeding. By order entered March 3, 2015, the Civil Court, citing, among other cases, Matter of Nicolaides v State of New York Div. of Hous. & Community Renewal (231 AD2d 723, 724 [1996]), granted tenants’ motion. We reverse and deny tenants’ motion.
*12 In Nicolaides, the Appellate Division, Second Department, stated that “[i]t is well settled that a notice of nonrenewal of a rent stabilized lease does not survive the dismissal of the first holdover action and cannot serve as the predicate for a second proceeding” (id.; see also Kaycee W. 113th St. Corp. v Diakoff, 160 AD2d 573 [1990]). The Court did not expressly provide a rationale for the rule, but cited cases which reasoned that, upon the dismissal, withdrawal or discontinuance of a holdover proceeding, a tenant is entitled to “a certain peace of mind that an eviction is no longer pending” (Walsam Fifth Ave. Dev. Co. v Lions Gate Capital Corp., 163 Misc 2d 1071, 1073 [Civ Ct, NY County 1995] [internal quotation marks and citation omitted]; see also Colavolpe v Williams, 77 Misc 2d 430, 431 [Civ Ct, Kings County 1974] [a predicate notice should not be allowed to “hang like the sword of Damocles over the head of the tenant, to be used at some future date, at the whim of the landlord”]).
In our view, there is a substantial question as to the continued validity of the Nicolaides ruling, given the recent decision of the Appellate Division, Second Department, in Matter of Georgetown Unsold Shares, LLC v Ledet (130 AD3d 99, 104 [2015]). In Ledet, the Court held that a landlord’s acceptance of unsolicited rent checks from a tenant after the expiration of the lease for a rent-stabilized apartment did not vitiate the landlord’s nonrenewal notice, as it did not “unmistakably manifest . . . [an] intent to relinquish [the landlord’s] rights to pursue a . . . holdover claim” (id.). It stands to reason that if a landlord’s acceptance of unsolicited rent checks does not render a nonrenewal notice stale, a stipulated discontinuance, without prejudice, of a prior holdover proceeding should similarly not render such a notice stale, where a new proceeding is immediately commenced.
Moreover, the Nicolaides case—involving a dismissal of the first proceeding, not a stipulated discontinuance without prejudice—is distinguishable, and its implicit rationale—that a tenant is entitled to peace of mind—is inapplicable to the facts herein. A finding that a predicate notice has been rendered stale is warranted where a landlord fails to act with reasonable diligence and the tenant is prejudiced thereby (see Raffone v Schreiber, 18 Misc 3d 925 [Civ Ct, NY County 2008]; cf. Dwyer v Mazzola, 171 AD2d 726 [2d Dept 1991] [the basic elements of laches include delay in asserting a claim and prejudice]). Here, since the prior proceeding was discontinued *13 without prejudice based on a defect in the notice of petition, tenants could properly have had no reasonable basis to believe that landlord would not pursue his owner’s use claim. Since a new proceeding was commenced within two days and tenants showed no prejudice, a finding of staleness is not warranted (see Bresciani v Corsino, 32 Misc 3d 463 [Civ Ct, Kings County 2011]).
In any event, since tenants successfully argued that the first proceeding was a nullity,* they cannot now be heard to assert the existence of that proceeding to bar the maintenance of the instant proceeding (see Arol Dev. Corp. v Goodie Brand Packing Corp., 52 AD2d 538 [1976], affg on op below 84 Misc 2d 493 [App Term, 1st Dept 1975]; see also Dicara v Cecere, NYLJ, Apr. 18, 1979 at 13, col 5 [App Term, 2d Dept, 2d & 11th Jud Dists 1979] [where a second proceeding was commenced the day after the first proceeding had been dismissed based on an unverified petition, a new 30-day notice was not required, as the first proceeding was a nullity]).
Accordingly, the order is reversed and tenants’ motion to dismiss the petition based on staleness is denied.

 We note that the so-ordered stipulation settling the first proceeding satisfies the prior-success element necessary for judicial estoppel (see Manhattan Ave. Dev. Corp. v Meit, 224 AD2d 191 [1996]; Ennismore Apts., Inc. v Gruet, 29 Misc 3d 48 [App Term, 1st Dept 2010]).