Elliot, J.
(concurring in the following memorandum). I concur in so much of the majority opinion as holds that tenants are judicially estopped from asserting the existence of the prior proceeding as a bar to the maintenance of the instant proceeding. However, I disagree with the remainder of the majority’s reasoning.
Though the ad hoc approach taken by the majority would remedy an unfairness emanating from what is presumed to be an error by the clerk in the issuance of a notice of petition in the prior summary proceeding,[1] I believe that we are constrained by the holdings in, inter alia, Matter of Nicolaides v State of New York Div. of Hous. & Community Renewal (231 AD2d 723 [2d Dept 1996]) and Kaycee W. 113th St. Corp. v Diakoff( 160 AD2d 573 [1st Dept 1990]) and would leave it to those *14 courts to determine if they wish to depart from their holdings. Nicolaides indeed holds that “a notice of nonrenewal of a rent stabilized lease does not survive the dismissal of the first holdover action and cannot serve as the predicate for a second proceeding in a new forum” (Nicolaides, 231 AD2d at 724). While a strict reading of that sentence might lead one to conclude that there is a distinct rule limited to dismissed proceedings only, I believe that, by specifically citing to, inter alia, Walsam Fifth Ave. Dev. Co. v Lions Gate Capital Corp. (163 Misc 2d 1071 [Civ Ct, NY County 1995]) and Weinberger v Driscoll (89 Misc 2d 675 [Civ Ct, NY County 1977]) in support of its holding, the Second Department did not intend that the rule be restricted to first proceedings which have been dismissed (as opposed to having been disposed of in some other manner). A review of the cases cited by Nicolaides supports this position. The Weinberger court determined that the same notice to vacate served upon tenants in a prior holdover proceeding could not be used again in a subsequent holdover proceeding commenced five days later, when the prior holdover proceeding was withdrawn without prejudice prior to the commencement of the second proceeding. Further, the Walsam court distinguished the case before it—which was a summary proceeding for nonpayment of rent—with a holdover summary proceeding (the case sub judice), the latter of which requires that a new predicate notice be served when the prior proceeding is “dismissed or discontinued” (Walsam, 163 Misc 2d at 1073).[2]
The majority appears to distinguish the instant case by citing the fact that the prior proceeding was discontinued without prejudice based on a defect in the notice of petition and, thus, tenants could not have expected that a new proceeding would not be commenced. I respectfully disagree for the following reasons. First, the Walsam court, as noted above, did not distinguish between a dismissed and a discontinued proceeding, and the Weinberger court specifically dealt with a second *15 proceeding which followed one which had been withdrawn without prejudice. Second, while it is true that tenants could have expected the commencement of a new proceeding based upon the circumstances with which landlord was faced, namely, the alleged defect in the notice of petition, there is no reason why they should have expected that such a defect would obviate the requirements as set forth in the applicable statutes, codes, and case law mandating the service of a new predicate notice. While this result appears unfair to landlord, based upon what is apparently agreed to be an omission of the clerk’s stamp on the notice of petition, there are a number of different approaches landlord could have taken to protect his interests, either by stipulation or submission for judicial determination.
Finally, that the new proceeding was commenced within two days should not provide a basis for reversal of the lower court’s finding given the holding in Weinberger, cited to by Nicolaides. The ad hoc approach adopted by, inter alia, Bresciani v Corsino (32 Misc 3d 463 [Civ Ct, Kings County 2011]), cited by the majority, appears to be inconsistent with controlling Appellate Division precedent and, as a practical matter, may muddy the waters for both landlords and tenants alike as to what they may be required to do and what they should expect, respectively, in relation to summary holdover proceedings and predicate notices. Further, and to that end, pending such a determination by a court, neither landlord nor tenant would know their status with respect to the other. Nor do I believe that Matter of Georgetown Unsold Shares, LLC v Ledet (130 AD3d 99 [2d Dept 2015]) supports reversal in this instance. Although the case at bar and Ledet are similar in that they both present a lack of intent on the landlord’s part to vitiate a Golub notice, the unintended acceptance by a landlord of unsolicited rental payments (see id.) is not akin to the affirmative act of a landlord stipulating to discontinue a legal proceeding.
Therefore, for the above reasons, I respectfully concur only in so much of the majority opinion as holds that tenants are judicially estopped from asserting the existence of the prior proceeding as a bar to the maintenance of the instant proceeding.
Weston, J.P., and Aliotta, J., concur; Elliot, J., concurs in a separate memorandum.

. Although the parties appear to agree that the omission was due to the clerk’s error, it is noteworthy that, upon submission of the notice of petition and petition to the clerk, the original, stamped notice of petition is immediately returned to the attorney or process server, as the case may be, and the original is then to be resubmitted to the clerk together with the affidavit of service (see 3 McKinney’s NY Rules of Ct, Hous Ct Rules, Holdover Proceedings Doc. 1 [2016]).

. The Walsam. court explained that, unlike a holdover summary proceeding, when a summary proceeding for the nonpayment of rent is discontinued without prejudice (particularly if it was discontinued after a second nonpayment proceeding had already been commenced), and the rent is still not paid, the tenant is not surprised since it “knows . . . the rent is still due” (id.). As such, any subsequent proceeding may properly be predicated on the same written demand notice which was the predicate for the first proceeding. Upon the dismissal or discontinuance of a holdover proceeding, however, the tenant “is entitled to a certain peace of mind that an eviction is no longer pending” (id., quoting Mau v Stapleton, 136 Misc 2d 793 [Civ Ct, Kings County 1987]) and, thus, a new notice must be served.