Niagara Capital LLC, Petitioner-Appellant, 
against
Elliot Cruz, Respondent-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants-Respondents.



Landlord, as limited by its brief, appeals from an order of the Civil Court of the City of New York, New York County (Evon M. Asforis, J.) dated May 31, 2018, insofar as it denied its motion for summary judgment of possession and to dismiss respondent's first affirmative defense and, upon a search of the record, dismissed the petition without prejudice in a holdover summary proceeding.




Per Curiam.
Order (Evon M. Asforis, J.), dated May 31, 2018, insofar as appealed from, modified to reinstate the petition and to grant petitioner summary judgment dismissing the first affirmative defense; as modified, order affirmed, with $10 costs.
Civil Court should not have dismissed the proceeding based upon claimed deficiencies in the notice to quit (see RPAPL 713[7]). Respondent did not raise any issue regarding the sufficiency of the notice in his answer (see Rogers v New York Tel Co., 74 AD2d 526 [1980]) and, in any event, the notice was, under the circumstances of this case, "as a whole sufficient adequately to advise [respondent] and to permit [him] to frame a defense" (Rascoff/Zsyblat Org. v Directors Guild of Am., 297 AD2d 241, 242 [2002], lv dismissed in part and denied in part 99 NY2d 573 [2003]; see Hughes v Lenox Hill Hosp., 226 AD2d 4, 17 [1996], lv denied 90 NY2d 829 [1997]; City of New York v Valera, 216 AD2d 237 [1995]). Indeed, respondent interposed an answer admitting in part and denying in part the allegations in the petition; raised affirmative defenses; and asserted a counterclaim for succession rights as a nontraditional family member of the departed tenant.
Respondent's defense of lack of subject matter jurisdiction should have been dismissed. Civil Court is vested with subject matter jurisdiction over housing matters by statute (see CCA 110; see also 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1991]). Any failure of a petitioner to comply with a statutory notice requirement, where applicable, does not implicate the court's subject matter jurisdiction (see 433 W. Assoc. v Murdock, 276 AD2d 360, 360-361 [2000]).
Petitioner's motion for summary judgment of possession was properly denied. Petitioner failed to eliminate all triable issues of fact with respect to respondent's nontraditional family member succession defense (see New York City Rent and Eviction Regulations [9 NYCRR] §2204.6[d][3][i]). On this record, which includes evidence that respondent and his uncle, the departed statutory tenant, resided together for several years, shared living expenses, and cared for the uncle's ill mother (respondent's grandmother) who resided nearby, triable issues of fact are raised as to whether respondent "resided with" tenant in the apartment for two years prior to tenant's permanent departure in a relationship characterized by "emotional and financial commitment and interdependence" (9 NYCRR §§ 2204.6[d][1], [d][3][i]; see 230 E. 14th St. LLC v Szownadze, 53 Misc 3d 155[A], 2016 NY Slip Op 51767[U] [App Term, 1st Dept 2016]; 123-125 Wadsworth Ave. Realty Corp. v Gil, 50 Misc 3d 144[A], 2016 NY Slip Op 50244[U] [App Term, 1st Dept 2016]).
Contrary to petitioner's contention, respondent is not judicially estopped from asserting a succession claim. Respondent was not a party to, and did not secure any relief in the prior nonprimary residence proceeding between petitioner and respondent's uncle (see Baje Realty Corp. v Cutler, 32 AD3d 307, 310 [2006]). Nor was respondent a party to the so-ordered stipulation of settlement executed by his uncle in that prior proceeding, where his uncle consented to entry of a final judgement in exchange for a payment of $65,000. Thus, that agreement does not bar respondent's succession claim (see ACP 140 W. End Ave. Assoc. v Kelleher, 9 Misc 3d 139[A], 2005 NY Slip Op 51839[U] [App Term, 1st Dept 2005]). While the terms of the so-ordered surrender agreement, including the provision whereby the uncle "represents" that neither he nor respondent primarily resided in the apartment, may preclude the uncle from assuming a contrary position in this matter (see Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae, 243 AD2d 168, 176 [1998], lv dismissed 92 NY2d 962 [1998]; Ennismore Apts., Inc. v Gruet, 29 Misc 3d 48 [App Term, 1st Dept 2010]), it does not bar respondent from asserting his succession claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 24, 2018