G-. Robert Wither, J.
On September 14, 1961 plaintiff sued the defendants for breach of a contract made on October 16, 1951 between plaintiffs, defendants and one Michel Bianchi, under which plaintiff paid in escrow to defendants, as attorneys for Bianchi, the sum of $4,750 for use in buying certain corporate stock owned by Relins. The money, it is alleged, was to be so used when Bianchi acquired additional funds to complete such purchase, at which time Bianchi was to transfer to plaintiff $4,750 worth of such stock. Plaintiff alleges that Bianchi never got the additional money required to buy the stock and that $4,750 worth of such stock was never transferred by Bianchi to plaintiff; and further that defendants have never returned the $4,750 to plaintiff nor accounted to plaintiff for the money or stock as provided in the agreement, made a part of the complaint.
The complaint quite fairly describes the agreement. The agreement provided that defendants as attorneys should hold the $4,750 in escrow and use it solely in connection with the purchase of all of the interest and stock of Relins in two corporations ; and defendants agreed to hold said funds “in escrow until such time as said Michel Blanche [sic] acquires sufficient other moneys so that he may enter into an agreement ” with Relins to buy said stocks.
Defendants have moved under subdivision 5 of rule 107 of the Rules of Civil Practice for dismissal of the complaint on the ground that it appears on the face thereof and the affidavit supporting the motion, which stands undisputed, that more than six years have elapsed since the cause of action accrued, and that the Statute of Limitations (Civ. Prac. Act, § 48) has run against it. Plaintiff replies that his complaint asks for an accounting and for equitable relief and that the 10-year Statute of Limitations (Civ. Prac. Act, § 53) applies.
Although in his complaint the plaintiff asks for an accounting, in essence he really is asking for judgment for money had and *909 received in the sum of $4,750 plus interest; and that is purely an action at law, as to which the six-year Statute of Limitations applies. In his “ wherefore ” clause plaintiff does ask defendants to account for any and all stock purchased with the $4,750, but in his complaint proper he does not allege that any stock was purchased. In fact he alleges the contrary, that Bianchi never got the additional funds to acquire the stock and never transferred stock to plaintiff. He does not allege that defendants ever acquired stock.
The plaintiff has alleged no express trust; and the request for an accounting cannot change an action at law into one in equity. Hence, the six-year Statute of Limitations applies. (Keys v. Leopold, 241 N. Y. 189; Mills v. Mills, 115 N. Y. 80; see Hifler v. Calmac Oil & Gas Corp., 258 App. Div. 78, 89-90.) If plaintiff claims an implied trust, the six-year Statute of Limitations also applies. (Mills v. Mills, supra.)
Although the six-year Statute of Limitations applies herein, a question still remains as to when it started to run. The answer to that question is not found in the papers submitted on this motion.
As noted above the $4,750 was paid to defendants to hold 1 ‘ until such time as Michel Bianchi acquires sufficient other moneys so that he may enter into an agreement. ’ ’ Defendants owed a duty to plaintiff and Bianchi to hold the money until Bianchi acquired sufficient other moneys. They could not release it to Bianchi or Relins until Bianchi acquired such additional funds, nor could they return it to plaintiff until at least a reasonable time elapsed for Bianchi to try to raise the additional funds, or until it appeared that Relins could no longer perform. Thus the Statute of Limitations did not begin to run until plaintiff made a demand on defendants for the return of the money, or until plaintiff knew or should have known that the deal would not go through and that he was in a position to make lawful demand upon defendants for the return of his money. (Dumbadze v. Lignante, 244 N. Y. 1, 6 et seq.; Civ. Prac. Act, § 15, subd. 1.) The motion to dismiss the complaint is therefore denied.