■ HANNAH COHEN, Respondent, v. HANNAH COHN, Appellant, et al., Defendants.— Order, entered on January 14, 1963, denying jury trial of certain causes of action and setting case down for immediate trial, unanimously modified on the law and the facts and as a matter of discretion, and without costs to either party, by granting a jury trial as to the issues raised in the second cause of action, the same to be held immediately after the trial by the court of the remaining issues, and by eliminating from the order the direction to the Clerk to place the action at the head of the Equity Calendar for January 18, 1963, and directing that the case be marked ready and sent out for trial. All applications for a preference in the trial of an equity case must be made in Trial Term Part II, and Special Term has no authority to make such a disposition (Special Term Rules, rule IX, New York County Supreme Court). Moreover, no one other than the Judge holding Trial Term Part II may direct how a case is to be marked on the call of the calendar. The second cause of action is, in effect, one for money had and received and either party may have a jury trial. Where certain issues are properly for the disposition of the court alone and others for the jury, the order of trial is a matter of discretion to be exercised in accord with what will make for the most orderly and expeditious determination in the particular case. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, Steuer and Bastow, JJ.

■ SANFORD M. TREAT, Appellant, v. CONTINENTAL VENDING MACHINE CORPORATION, Respondent.— Judgment affirmed, with costs to respondent. Concur — Breitel, J. P., Rabin and Valente, JJ.; Stevens and Noonan, JJ., dissent in the following dissenting memorandum: We dissent and vote to reverse and order a new trial, solely on the question of wrongful discharge and what, if any, damages flowed therefrom. On the record before us it cannot be said as a matter of law that the employment contract was rightfully terminated, and that the plaintiff did not suffer pecuniary loss as a result. The drawing and use of plaintiff's own money, previously earned, which had been placed in a dormant corporation wholly owned by plaintiff and plaintiff's wife, cannot serve as compensation for the discharge if, in fact, it was wrongful.

■ SETH GRANT, SR., Respondent, v. THEODORE MORRIS, Appellant.— Determination of the Appellate Term entered February 15, 1962, affirming the final order of the Municipal Court, awarding landlord possession of tenant's premises, unanimously reversed, on the law, with costs to tenant-appellant. The failure of the landlord to allege and prove compliance with subdivision 3 of section 53 of the State Rent and Eviction Regulations requiring the filing with the Local Rent Administrator, within 48 hours after its service, of a copy of the notice served on the tenant under subdivision 1 of said section together with an affidavit of service was fatal. (*I. K. S. Realty Co.* v. *Bowman*, 21 Misc 2d 266.) Concur — Botein, P. J., Breitel, Valente, McNally and Noonan, JJ.