■ ERIC DARMSTEADTER et al., Appellants, v TANDBERG OF AMERICA et al., Defendants, and SIGMUND HAYWOOD MANAGEMENT CORPORATION et al., Respondents. — In an action, *inter alia,* to recover damages for breach of contract, tortious interference with contractual rights, and unjust enrichment, plaintiffs appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), dated March 13, 1984, which granted the motion of defendants Hoel, Ausman and Sigmund Haywood Management Corporation to strike plaintiffs' demand for a jury trial and denied plaintiffs' cross motion for leave to serve a second amended complaint and for an order directing an advisory jury.

Order reversed, with costs, motion denied, that branch of plaintiffs' cross motion which sought leave to serve a second

amended complaint granted and the cross motion otherwise denied. The proposed second amended complaint annexed to plaintiffs' moving papers is deemed served.

In our view, the court erred in determining that the fourth cause of action asserted in the amended complaint, wherein plaintiffs alleged that all the defendants unjustly enriched themselves by converting the value of plaintiffs' contractual rights, was one in equity, and that plaintiffs waived their right to a jury trial by joining legal and equitable claims based upon the individual defendants' alleged receipt of a credit in the amount of the value of plaintiffs' contractual rights. The fourth cause of action is, in effect, one for money had and received which, while based upon equitable principles, is deemed an action at law (see *Chapman v Forbes,* 123 NY 532; *Forest-Fehlhaber v State of New York,* 74 AD2d 272; *Cohen v Cohn,* 18 AD2d 896).

We further note that the first cause of action asserted in the amended complaint, wherein plaintiffs alleged that certain of the defendants had failed to pay over unspecified sums due under certain agreements and requested an accounting, is also an action at law which required an accounting in order to quantify the amount of plaintiffs' damages (*Palombi v Dutcher,* 31 Misc 2d 907; *Sloane v United Feature Syndicate,* 135 Misc 365; see *Gordon v Continental Cas. Co.,* 91 AD2d 987). After discovery was completed, however, plaintiffs were in a position to demand a sum certain and accordingly they sought leave to serve a second amended complaint. Leave to amend should be freely granted and in the circumstances of this case the court erred in denying that branch of plaintiffs' cross motion which sought to serve the proposed second amended complaint which deleted the request for an accounting and substituted therefor a demand for a specific sum of money.

In view of our holding that plaintiffs are entitled to a jury trial of this action, we have not considered plaintiffs' remaining contention that the court should have referred any and all equitable claims to an advisory jury. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.