FIRST STERLING CORP., Appellant, v ANDREW ZURKOWSKI, Respondent.

Supreme Court, Appellate Term, First Department, March 28, 1989

## APPEARANCES OF COUNSEL

*Elliot M. Rudick* and *Betty Jane Jacobs* for appellant. *Lansner Himmelstein & McConnell (Samuel J. Himmelstein* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Order entered November 11, 1987 affirmed, with $10 costs.

This is a holdover proceeding to evict a rent-controlled tenant upon the ground of nonprimary residence. Landlord's 30-day notice of termination recited that termination of the tenancy "results from the fact that you do not use the prem-

ises as your primary residence". Civil Court granted tenant's dismissal motion upon the ground that the termination notice did not set forth facts supporting the nonprimary residence claim.

We affirm. Section 2204.3 of the New York City Rent and Eviction Regulations (9 NYCRR), applicable generally to actions which seek eviction of controlled tenants by court process, should be deemed applicable in nonprimary residence proceedings brought in "a court of competent jurisdiction" (New York City Rent and Rehabilitation Law, Administrative Code of City of New York § 26-403 [e] [2] [i] [10]). In consequence, landlord was required to state in its termination notice the ground for removal or eviction of the tenant, as well as "the facts necessary to establish the existence of such ground" (9 NYCRR 2204.3 [b]).* A notice which, as here, merely recites the legal ground for eviction, but fails to set forth any of the facts upon which the ensuing nonprimary residence proceeding will be based, is ineffective and cannot serve as a predicate for an eviction proceeding.

SANDIFER, J. P., MILLER and McCOOE, JJ., concur.

* This construction harmonizes with the procedural rules in place for like proceedings brought under Rent Stabilization Code § 2524.2 (b).