■ KAYCEE WEST 113TH STREET CORP., Respondent, v HARRY DIAKOFF, Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 21, 1989, which, *inter alia,* denied defendant's motion for summary judgment, unanimously reversed, with costs.

In this landlord-tenant nonprimary residence action for a declaratory judgment, the IAS court denied defendant's motion for summary judgment, finding that there were issues of fact concerning the substantive issue of whether the defendant occupied the apartment as his primary residence.

Since we find that the plaintiff landlord's action is procedurally infirm, we reverse and dismiss.

Defendant has resided at apartment 4F at 627 West 113th Street for over 25 years. Although the landlord's papers do not so definitively state, the apartment is subject to rent control. The landlord commenced its attempt to evict defendant by service of a 30-day notice on October 27, 1987, purportedly terminating a month-to-month tenancy. The notice contained the following statement: "The grounds for the termination of your tenancy are that you do not reside at the subject apartment as your primary residence, do not use the subject apartment for dwelling purposes and have illegally sublet the apartment." Premised on this notice, the landlord commenced a summary proceeding in the Civil Court on December 1, 1987. That action was eventually dismissed. Thereafter, the landlord commenced the instant action in Supreme Court seeking a declaratory judgment that the tenant is not using the apartment as his primary residence.

A jurisdictional prerequisite for the commencement of actions to evict rent-controlled tenants by court process is the service of a 30-day notice of termination of the tenancy (9 NYCRR 2204.3; *First Sterling Corp. v Zurkowski,* 142 Misc 2d 978). The notice served by the landlord here, prior to the commencement of the first Civil Court proceeding, does not satisfy this requirement.

That notice, served in the context of the prior Civil Court matter, cannot serve as the predicate for this later action. Since the Civil Court action was dismissed, the 30-day notice upon which it was predicated cannot be revived to support a new action *(see, e.g., Weinberger v Driscoll,* 89 Misc 2d 675; *Haberman v Wager,* 73 Misc 2d 732). Before the landlord commenced the new action in Supreme Court, service of a new 30-day notice was required.

Moreover, the substance of the 30-day notice was also

deficient. The applicable rent control regulation provides that the notice must set forth "the ground under section 2204.2 of this Part upon which the landlord relies for removal or eviction of the tenant, [and] the facts necessary to establish the existence of such ground" (9 NYCRR 2204.3 [b]). The notice here merely recited the legal ground for the eviction, but failed to set forth any of the facts upon which the ensuing non-primary-residence proceeding would be based and, therefore, was ineffective to serve as a predicate for an eviction proceeding *(First Sterling Corp. v Zurkowski, supra)*.

In dismissing the instant action, we do so without prejudice to the landlord's commencement of a new proceeding, if so advised, after the service of a new and proper 30-day notice. We note that such new proceeding, if any, should be brought not in Supreme Court, but in the Civil Court, which has jurisdiction over landlord-tenant proceedings and the ability to offer complete relief to the parties. Where the Civil Court can decide the dispute, it is desirable that the action be brought in that court. *(See, Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 28.) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.