OPINION OF THE COURT
Per Curiam.
Final judgment entered February 14, 1989 affirmed, with $25 costs.
This is a holdover proceeding to evict a rent-stabilized tenant whose lease was not renewed upon the ground of owner occupancy. The apartment was sought because peti *298 tioner Dominguez (who had recently reconciled with his wife) required tenant’s three-bedroom apartment for the use of himself, his wife and their two children. The record is sufficient to support the trial court’s finding that petitioner was proceeding in good faith and that the matter was not retaliatory in nature. The fact that there was another vacancy in the building shortly before petitioner determined to bring this proceeding does not compel a finding of lack of good faith (Matter of Berlinrut v Leventhal, 43 AD2d 522).
The notice of termination given by the petitioner, to the effect that "the owner seeks in good faith to recover possession for his own personal use and occupancy”, complied with the notice requirements of section 2524.2 of the Rent Stabilization Code (9 NYCRR) (see, Whang v Wald, NYLJ, Apr. 3, 1990, at 29, col 5 [App Term, 2d Dept]). The tenant was adequately alerted to the ground for removal and the fact that the apartment was sought for the petitioner’s personal use.
Under the circumstances herein no further elaboration was necessary to apprise the tenant of the reason for the nonrenewal (cf., Kaycee W. 113th St. Corp. v Diakoff, 160 AD2d 573; First Sterling Corp. v Zurkowski, 142 Misc 2d 978 [App Term, 1st Dept]).