McCooe, J.
(dissenting). I would reverse and dismiss the petition. The issue is the adequacy of the termination notice. Section 2524.2 (b) of the Rent Stabilization Code (9 NYCRR) provides: "Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground * * * upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession” (emphasis added).
The ground relied upon by the petitioner is contained in section 2524.4 (a) (1) of the Rent Stabilization Code (9 NYCRR) which authorizes the owner "to recover possession of a housing accommodation for such owner’s personal use and occupancy as his or her primary residence in the City of New York”.
Petitioner’s notice of termination states that "the owner seeks in good faith to recover possession for his own personal use and occupancy.” This notice fails to set forth the "facts necessary” to establish the ground. Furthermore, it fails to allege, even in this conclusory form, that the premises were to *299 be used for his primary residence as required by Rent Stabilization Code (9 NYCRR) § 2524.4 (a) (1).
It has previously been determined, in connection with non-primary residence proceedings, that Rent Stabilization Code (9 NYCRR) § 2524.2 (b) requires the allegation of particular facts in the termination notice (Berkeley Assocs. Co. v Camlakides, NYLJ, Feb. 15, 1990, at 26, col 4 [App Term, 1st Dept]; see also, Kaycee W. 113th St. Corp. v Diakoff, 160 AD2d 573; First Sterling Corp. v Zurkowski, 142 Misc 2d 978). The same regulation should apply with equal force to termination notices served in owner occupancy proceedings.
The issue of the sufficiency of the termination notice was preserved for our review by tenant’s motion to dismiss made at the beginning of trial.
Ostrau, P. J., and Parness, J., concur; McCooe, J., dissents in a separate memorandum opinion.