Kristin Booth Glen, J.
(dissenting). Rent Stabilization Code (9 NYCRR) § 2524.2, "Termination notices”, provides, in relevant part: "(b) Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground under section * * * 2524.4 (Grounds for Refusal to Renew Lease * * *) of this Part,[1] upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession” (emphasis added).
The meaning of the underscored language has been hotly contested and widely disputed, compare, e.g., the majority, concurring and dissenting opinions in the Appellate Term and Appellate Divisions in Berkeley Assocs. Co. v Camlakides (NYLJ, Feb. 15, 1990, at 26, cols 4, 5 [App Term, 1st Dept 1990, McCooe, J., concurring; Parness, J. P., dissenting], 173 AD2d 193, 195-201 [1st Dept, dissenting opn of Sullivan, J.], affd 78 NY2d 1098 [1991]). However, with the Court of Appeals affirmance of the Appellate Division majority opinion in Berkeley Assocs., strict compliance with the statutory language has become the clear legal requirement for a proper predicate notice. As the Appellate Division majority wrote: "In any event, regardless of what we perceive to be the wisdom of the underlying policy, we are constrained by the plain language of the Rent Stabilization Code to enforce it as written” (supra, 173 AD2d, at 195). Although Berkeley Assocs. involved a nonprimary residence notice, the statutory requirement of "facts necessary to establish the ground [for nonrenewal]” applies equally to owner occupancy notices (supra, at 184, and n 1; e.g., Berkeley Assocs. Co. v Camlakides, supra, 173 AD2d, at 200 [dissenting opn of Sullivan, J.]).
Rent Stabilization Code § 2524.4 (a) (1) defines what is meant by occupancy by owner or a family member: "An owner who seeks to recover possession of a housing accommodation for such owner’s personal use and occupancy as his or her primary residence in the City of New York and/or for the use and occupancy of a member of his or her immediate family as his or her primary residence in the City of New York” (emphasis added). Thus, in order to comply with Rent Stabilization Code § 2524.2, a termination notice based on *185 owner occupancy must, at a bare minimum, set forth facts demonstrating the owner’s present intention to use the property sought to be recovered for her "personal use and occupancy” and as her "primary residence in the City of New York.”
As the court below found, the termination notice in this case was fatally flawed in its omission of a statement of facts which would establish the second requirement of primary residence. The term "retirement home” is an ambiguous one which permits interpretations other than that required by Rent Stabilization Code § 2524.4 (a) (1). This is particularly so since the apartment sought to be received is a very small one which the owners might well intend to occupy only sporadically while travelling, residing primarily in some other place, or otherwise.
The cases cited by appellant owners and relied upon by the majority, while concededly approving less specific language,[2] were all decided prior to the Appellate Division decision in Berkeley Assocs. (and, of course, the Court of Appeals affirmance) and so are not controlling. Indeed given the strict compliance required under Rent Stabilization Code § 2524.2 after Berkeley Assocs., it would appear that omission of "the date when the tenant is required to surrender possession” (Rent Stabilization Code § 2524.2 [b])[3] also renders the notice here defective.
*186 The Civil Court correctly dismissed the petition and should be affirmed.
Ostrau, P. J., and Miller, J., concur; Glen, J., dissents in a separate memorandum.

. Rent Stabilization Code § 2524.4, entitled "Grounds for refusal to renew lease * * * without order of the DHCR”, contains three grounds upon which renewal of a lease may be refused: (a) occupancy by owner or member of owner’s immediate family, (b) recovery by a not-for-profit institution, and (c) primary residence.

. (See, e.g., Fidalgo v Schumm, NYLJ, June 12, 1990, at 25, col 1 [App Term, 2d & 11th Jud Diets]; Pichardo v Taverez, NYLJ, May 30, 1991, at 27, col 1 [App Term, 2d & 11th Jud Dists]; Ohayon v Rosenbloom, NYLJ, Feb. 8, 1991, at 21, col 3 [App Term, 1st Dept].) Interestingly many of these cases relied on Dominguez v Corniell (148 Misc 2d 297, 298 [App Term, 1st Dept 1990]) which upheld a notice which stated only that, " 'the owner seeks in good faith to recover possession for his own personal use and occupancy.’ ” Judge McCooe, who concurred in Berkeley Assoes., dissented, analogizing to the nonprimary residence cases and relying on the Appellate Term Berkeley decision stating: "This notice fails to set forth the 'facts necessary’ to establish the ground. Furthermore, it fails to allege, even in this conclusory form, that the premises were to be used for his primary residence as required by Rent Stabilization Code (9 NYCRR) § 2524.4 (a) (1).” (Supra, at 298-299.)
Unlike Berkeley Assocs., Dominguez (supra) was not appealed to the Appellate Division, but after that latter decision Dominguez would no longer appear to be good law.

. This is particularly so since the notice does not contain any facts about the owners’ intended retirement date, and includes an offer to help the tenant relocate. This strongly suggests that despite the nonrenewal of the lease, the tenant actually has a substantially and perhaps virtually indefinite period before which surrender will be required.