OPINION OF THE COURT
Per Curiam.
Order dated September 16, 1994 affirmed, with $10 costs.
*458 Landlord’s notice of nonrenewal in this owner occupancy holdover proceeding stated, inter alia: "[T]he undersigned Landlord does not intend to renew said lease because the Landlord intends to occupy [the] apartment * * * for Landlord’s personal use and occupancy as Landlord’s primary residence in the City of New York, and for the use and occupancy of Landlord’s wife and daughter as their primary residence in the City of New York.”
Rent Stabilization Code (9 NYCRR) § 2524.2 (b) requires that every notice to a tenant to vacate or surrender possession of stabilized apartment premises state the ground upon which the owner relies for eviction, as well as "the facts necessary to establish the existence of such ground”. Landlord’s notice herein merely tracked the statutory language for nonrenewal upon the ground of owner occupancy (Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [1]), without setting forth allegations fact specific to this particular proceeding. In the absence of any factual recitation of the reasons landlord seeks to recover possession, the notice was insufficient to serve as a predicate for eviction proceedings (Berkeley Assocs. Co. v Camlakides, 173 AD2d 193, affd 78 NY2d 1098). To the extent our prior decision in Dominguez v Corniell (148 Misc 2d 297) is to the contrary, it is not followed (compare, Teichman v Ciapi, 160 Misc 2d 182 [premises to be used as owner’s "retirement home” because of "the economy”]).
Ostrau, P. J., Miller and McCooe, JJ., concur.