■ In the Matter of NICHOLAS NICOLAIDES et al., Appellants, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [647 NYS2d 866] —In a proceeding pursuant to CPLR article 78 to review a determination of the State of New York Division of Housing and Community Renewal dated January 31, 1994, denying the petitioners' application for authorization to commence a proceeding to recover possession of a rent stabilized apartment, the petitioners appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated June 30, 1995, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The issue is whether the determination of the State of New York Division of Housing and Community Renewal (hereinafter DHCR) had a rational basis in the record. DHCR determined

that the appellants, as the landlords, were required to serve a second notice of nonrenewal of a lease on the tenant after the landlords' summary holdover action in Civil Court had been dismissed. DHCR determined that a second notice was a prerequisite, or predicate for the second proceeding which the appellants commenced to gain authorization to evict the rent stabilized tenant.

It is well settled that a notice of nonrenewal of a rent stabilized lease does not survive the dismissal of the first holdover action and cannot serve as the predicate for a second proceeding in a new forum (see generally, Kaycee W. 113th St. Corp. v Diakoff, 160 AD2d 573; Cacaj v Levine, NYLJ, July 3, 1991, at 25, col 4; Walsam Fifth Ave. Dev. Co. v Lions Gate Capital Corp., 163 Misc 2d 1071; Weinberger v Driscoll, 89 Misc 2d 675; Haberman v Wager, 73 Misc 2d 732). Accordingly, the Supreme Court properly dismissed the petition since the dismissal of the proceeding in the Civil Court terminated the entire matter, including the notice of nonrenewal which was the predicate for the proceeding before the Civil Court (see, Cacaj v Levine, supra). The appellants' remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.