OPINION OF THE COURT
Doris Ling-Cohan, J.
Before the court are 15 holdover proceedings in which *1009 respondents move for consolidation and, upon consolidation, for dismissal. Petitioner opposes the motion and cross-moves for summary judgment. The motions are consolidated for disposition.
Petitioner is the holder of the net lease of the property located at 515 West 174th Street, New York, New York (the building). The building was conveyed to petitioner by the City of New York under the Neighborhood Redevelopment Program (NRP) for the purpose of substantial rehabilitation. Petitioner commenced these proceedings after allegedly providing each respondent with both a 20-day “notice” indicating its intent to commence a holdover upon failure to relocate and a 30-day notice to terminate.
The issue before the court appears to be one of first impression, namely, what the 20-day notice provided for in 28 RCNY 21-23, which the petitioner must supply to the tenant prior to instituting eviction proceedings, must contain.
Respondents have not answered any of the petitions. Instead, they have brought the within motion to dismiss the proceedings on the ground that each of the 20-day notices served prior to the commencement of the proceedings is defective.[1] Respondents argue that the notices fail to comply with the statutory requirement of providing respondent with a specific housing accommodation in the same or a nearby building. Respondents maintain that the notices simply direct the tenants to contact management so that arrangements can be made for their relocation, which is insufficient to satisfy the notice requirement set forth in 28 RCNY 21-23. This court agrees that the “notices” are defective.
28 RCNY 21-23 (d) (6) specifically provides that a lessee such as petitioner may commence an eviction proceeding on the ground that “[t]he tenant has refused, after at least [20] days written notice, to move to a substantially similar housing accommodation, in the same building or nearby building, at the same rent.”
The 20-day “notices” at issue are letters signed by the attorney for the petitioner. They are not labeled “notice” nor “20 day notice”. Indeed, the words “notice” or “twenty (20) days” are not found until the fifth paragraph on the last page of the two-page letter. Such “notices” provide, inter alia, that: “pursu *1010 ant to the statute, if you fail to contact management to arrange such relocation and fail to vacate and relocate within twenty (20) days of the date of this notice, your landlord will have no choice but to commence a holdover proceeding for your eviction and removal from your apartment.” {See, respondent’s exhibit B to the motion to dismiss, letter dated Feb. 4, 1999.) Although the statute does not specifically state what the notice must contain, for such a notice requirement to be meaningful, the tenant must be apprised of a substantially similar housing accommodation in the building or a nearby building at the same rent and that the tenant has 20 days to move into such apartment or face eviction proceedings. The “notices” at issue do not extend an offer to respondents “to move to a substantially similar housing accommodation, in the same or nearby building, at the same rent” (28 RCNY 21-23 [d] [6]), as required by the statute and fail to apprise the recipient of the requirement to move into such apartment within 20 days. The “notices” falsely advise respondents of their rights. In the letter, the tenant is given 20 days “to contact management to arrange such relocation and * * * to vacate and relocate.” The statute, however, gives the tenant 20 days to move into the substantially similar accommodation without requiring that the tenant also contact management within this limited 20-day period. This additional affirmative obligation to contact management is not provided for by statute.
Although the court recognizes the need for relocation to ensure the success of the building improvement project, nevertheless, the statutory notice requirements must be complied with. Petitioner’s claim that it could not supply a specific apartment and address in the notice because it must first meet with each tenant to “determine the family size and composition and the rights and needs” is not compelling in that the statute does not require consideration of these factors, only that a “substantially similar housing accommodation” be offered. As the court finds the predicate notices to be insufficient, the proceedings are dismissed. (See, Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]; Berkeley Assocs. Co. v Camlakides, 173 AD2d 193 [1st Dept 1991], affd 78 NY2d 1098 [1991]; First Sterling Corp. v Zurkowski, 142 Misc 2d 978 [App Term, 1st Dept 1989].)
Accordingly, respondents’ motion is granted to the extent of dismissing the above-referenced proceedings. Although the prevailing party, respondents’ request for attorneys’ fees is denied as movants failed to establish a basis for an award of attorneys’ fees in the moving papers. Such denial is without *1011 prejudice to renew to the presiding Part Y Judge upon proper papers. As a general rule, attorneys’ fees may not be recovered by the prevailing party from the loser, unless authorized by agreement between the parties or by statute or court rule. (Cier Indus. Co. v Hessen, 136 AD2d 145, 148 [1st Dept 1988], citing Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986].) Petitioner’s cross motion for summary judgment is moot.

. The court notes that each 20-day “notice” is identical in content with the exception of the respondent’s name and apartment number.