Gangel-Jacob, J. (dissenting).
I respectfully dissent. I find that the notice of termination served on the tenant lacked the specificity required under Rent Stabilization Code (9 NYCRR) § 2524.2 (b). Although the notice indicated that landlord had received complaints from occupants of the building, those complaints were listed in general terms. No specific factual allegations were pleaded to document the precise instances and, more important, the nature of the alleged nuisance. A notice must offer specific facts upon which the grounds of termination are based in order to provide the tenant with specific notice of the case against him or her (Kaycee W. 113th St. Corp. v Diakoff, 160 AD2d 573 [1990]). A condition precedent to the termination of a lease is the service of a proper notice of termination (Chinatown Apts, v Chu Cho Lam, 51 NY2d 786 [1980]).
Nor, on the merits, is a possessory judgment in the landlord’s favor warranted on this record. The record reveals that the tenant resided in the building in question for over 30 years. She is a rent-regulated tenant with a rent well below market values. Trial testimony shows that the tenant is an elderly holocaust survivor soon to become an octogenarian with increasing health issues. Should she be evicted, it is unlikely that she could find any housing and there is every likelihood that she would become homeless.
The record indicates that the only tenants impacted by the tenant’s alleged intemperate and, if true, outrageous behavior were her upstairs neighbors. Testimony from other neighbors demonstrates that they were not affected by the tenant’s behavior. The record also suggests that appropriate medical and psychiatric treatment could have resulted in the necessary *29 modification of any purported behavioral problems. Alternative treatment and the appointment of an article 81 guardian should have been explored. In this era of special programs and special courts, certainly an appropriate course should have been attempted prior to unnecessarily transforming this elderly, chronically sick, and apparently disturbed tenant into a homeless person. The eviction of the tenant under such circumstances would be unconscionable, and the court or the landlord or both should have referred the matter to Protective Services for Adults, which would undoubtedly have proceeded to petition the court for the appointment of an article 81 community guardian so that psychiatric and medical therapy could have been sought, even over the tenant’s objection. Mild medications suitable for geriatric use often can modify behavior dramatically, which is what appears necessary in this case.
For the reasons stated above, I would reverse the possessory judgment and dismiss the petition.
McKeon, EJ., and Davis, J., concur; Gangel-Jacob, J., dissents in a separate memorandum.