OPINION OF THE COURT
Per Curiam.
Order dated October 24, 2007, affirmed, with $10 costs.
We agree that the notice of nonrenewal utilized by petitioner landlord was insufficient to serve as a predicate for the within owner occupancy proceeding, since the notice failed to set forth allegations tending to support the stated ground for eviction that were fact specific to this particular proceeding (see Numano v Vicario, 165 Misc 2d 457 [1995]). The specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2 (b) were not satisfied by allegations that the named landlords “took title” to the subject West 22nd Street building premises on a given date in 1993 or that the landlords’ named daughter intends to occupy the subject apartment as her primary residence. These bare bones allegations, which neither provide the reason(s) why the landlords seek possession of the apartment for their daughter’s use or bear upon their good faith intention to do so, were inadequate to salvage a renewal notice otherwise devoid of facts (see Nahum v Goldschmidt, 2003 NY Slip Op 50028[U] [2003]; see also Haruvi v Rosen, 10 Misc 3d 137[A], 2005 NY Slip Op 52161DJ] [2005], Iv denied 2006 NY Slip Op 65900[U] [2006]; compare Kirsis v Baum, 13 Misc 3d 137[A], 2006 NY Slip Op 52197[U] [2006]). The landlords do not explain, and it is not readily apparent, how the date they purchased the building premises is relevant to the possessory claim now advanced on behalf of their daughter. Moreover, as Civil Court properly recognized, the mere mention in the notice of the daughter’s name, without identifying the location of her current residence or describing the nature of her current living arrangements, provided tenant with “no more useful information than simply [alleging that the] owners want the apartment” for their own use or for the use of an unnamed family member, the type of unadorned assertions which fall far short of satisfying the Code’s specificity standards.
McKeon, EJ., Davis and Heitler, JJ., concur.