**479 Hicks St. LLC v Rial**

2024 NY Slip Op 31993(U)

June 5, 2024

Supreme Court, Kings County

Docket Number: Index No. 528480/2021

Judge: Peter P. Sweeney

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 73

------------------------------------------------------------X

479 HICKS STREET LLC,

                                   Plaintiff,

          -against-

MARUJA RIAL, CHRISTINA RIAL NICKAS,

                                 Defendants.

------------------------------------------------------------X

Index No.: 528480/2021
Motion Date: 6-3-24
Mot. Seq. No.: 6

**DECISION/ORDER**

Upon the following papers, listed on NYSCEF as document numbers 117-123 were read on this motion:

The plaintiff, 479 HICKS STREET LLC, moves to re-argue its prior motion for summary judgment for the relief demanded in the complaint, which was denied, as well as defendant's, MARUJA RIAL's prior cross-motion for an order dismissing the action pursuant to 9 NYCRR 2204.3, which was granted. Upon re-argument, plaintiff seeks an order denying the cross-motion and granting plaintiff's motion for summary judgment.

The plaintiff, 479 Hicks Street, LLC, the owner of a residential building located at 479 Hicks Street, Brooklyn, New York, commenced this action seeking a declaratory judgment that the defendant Maruja Rial is not a primary resident of apartment 1R of the building and seeks to eject her from the premises. The plaintiff previously moved for summary judgment. In response to the motion, the defendant cross-moved to dismiss the action pursuant to 9 NYCRR 2204.3. Plaintiff's motion was denied, and defendant's cross-motion was granted. In the Order granting the cross-motion, the Court stated that 9 NYCRR 2204.3 provides as follows:

> (a)     Except where the ground for removal or eviction of a tenant is nonpayment of rent, no tenant shall be removed or evicted from a housing accommodation by court process, and no action or proceeding shall be commenced for such purpose upon any of the grounds stated in section 2204.2 of this Part, unless and until the landlord shall have given written notice to the tenant and to the **Division of Housing and Community Renewal, Office of Rent Administration, Gertz Plaza, 92-31 Union Hall Street, Jamaica, New York 11433** as hereinafter provided (*emphasis added*).

(b)     Every such notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground under section 2204.2 of this Part upon which the landlord relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession.

(c)     Within 48 hours after the notice is served upon the tenant, an exact copy thereof, together with an affidavit of service, shall be filed with **the Division of Housing and Community Renewal, Office of Rent Administration, Gertz Plaza, 92-31 Union Hall Street, Jamaica, New York 11433**. In computing such 48-hour period, any intervening Saturday, Sunday or legal holiday shall be excluded." (*emphasis added*).

The Court held that the provisions of 9 NYCRR 2204.3 apply to both summary proceedings and ejectment actions (*see Froehlich v. Norton*, 278 A.D. 952) and that plaintiff's failure to comply with them required dismissal (see *Kaycee West 113th Street Corp. v. Diakoff*, 160 A.D.2d 573, 574 (App. Div. 1st Dep't, 1990); *Capmar Realty Corp. v. Miz*, 2020 NY Slip Op. 50019 (Civ. Ct. NY Co., 2020); *IKS Realty Co. v. Bowman*, 21 Misc. 2d 266 (App. Div. 1st Dep't, 1959). Specifically, the Court held that plaintiff's failure to serve the written notice to vacate that it had served on the defendant on DHCRR at its office located at Gertz Plaza, 92-31 Union Hall Street, Jamaica NY 11443, as required by 9 NYCRR 2204.3(c) was fatal (see *Capmar Realty Corp., supra.; Kent Equities Corp. v. Paez*, 17 Misc 3d 127(A), (AT 1st Dep't 2007); *see Grant v. Morris*, 18 AD2d 896 (1st Dep't 1963); *Garvin v. Cole*, 53 Misc 2d 647 (AT 1st Dep't 1967); *Shahid v. Carillo*, 8 Misc 3d 134(A) (AT 2nd Dep't 2005)]. Instead, the plaintiff served the notice at its office located at 55 Hanson Place, Brooklyn, New York

In her motion to reargue, the defendant correctly argues that the court overlooked the fact that the version of 9 NYCRR 2204.3(c) that was in effect at the time service was made on DHCR allowed for service on DHCR's district rent office. Thus, service at DHCR's district rent office located at 55 Hanson Place was proper.

"A motion for leave to reargue 'shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion' " (*Grimm v. Bailey*, 105 A.D.3d 703, 704,

963 N.Y.S.2d 277, quoting CPLR 2221[d][2]; *see Matter of American Alternative Ins. Corp. v. Pelszynski,* 85 A.D.3d 1157, 1158, 926 N.Y.S.2d 640). A determination to grant leave to reargue a motion lies within the sound discretion of the court (*Matter of Anthony J. Carter, DDS, P.C. v. Carter,* 81 A.D.3d 819, 820, 916 N.Y.S.2d 821 [citations and internal quotations omitted]).

Here, since the Court applied the incorrect version of 9 NYCRR 2204.3(c) in addressing defendant's motion to dismiss, plaintiff's motion for reargument is granted. On reargument, however, the court adheres to its original decision but for different reasons. The version of 9 NYCRR 2204.3(c) that was in effect at the time plaintiff served DHCR with the notice to vacate still required the plaintiff to serve DHCR with copies of the affidavits of service reflecting service of the notice to vacate upon the defendant. Plaintiff only served DHCR with a copy of the written notice to vacate but neglected serve it with copies of the affidavit of service. Plaintiff's failure to comply with 9 NYCRR § 2204.3 (c) which required the timely filing with the district rent office of a copy of the predicate notice served upon the tenant and the affidavit of service is fatal its right to maintain a holdover proceeding (*Capmar Realty Corp. v. Miz,* 66 Misc. 3d 1208(A), 120 N.Y.S.3d 586 (N.Y. Civ. Ct. 2020), *citing Kent Equities Corp. v. Paez,* 17 Misc 3d 127(A), (AT 1st Dep't 2007); [*see Grant v. Morris,* 18 AD2d 896 (1st Dep't 1963); *Garvin v. Cole,* 53 Misc 2d 647 (AT 1st Dep't 1967); *Shahid v. Carillo,* 8 Misc 3d 134(A) (AT 2nd Dep't 2005)]. 9 NYCRR § 2204.3 (c) may neither be waived by the parties, nor can their consent confer jurisdiction (id., *citing Garvin v. Cole, supra.; Ferber v. Apfel,* 113 App.Div. 720, 723) (2nd Dep't 1906).

The court rejects plaintiff's contention that the defendant failed to raise plaintiffs law compliance with 9 NYCRR 2204.3(c) as a basis for dismissal (see Point I of Defendant's Memorandum of Law in Support of Cross-Motion). The court has considered plaintiff's remaining arguments in support of its motion and find them to be unavailing.

For the above reasons, it is hereby

ORDERED that plaintiffs motion for reargument is granted, but on reargument, the court adheres to its initial determination that the action must be dismissed, without prejudice.

[* 3]

This constitutes the decision and order of the Court.

Dated: June 5, 2024



**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020

[* 4]