VNO LF 50 W. 57th St. LLC v Mangia 57, Inc. (2024 NY Slip Op 51607(U))

[*1]

VNO LF 50 W. 57th St. LLC v Mangia 57, Inc.

2024 NY Slip Op 51607(U)

Decided on November 26, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 26, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570233/24

VNO LF 50 West 57th Street LLC, Petitioner-Landlord-Respondent, 
against
Mangia 57, Inc. f/k/a Joanna, Sasha & Friends Food Service, Inc., 
 d/b/a Mangia, Respondent-Tenant-Appellant, -and- "XYZ Corp.," Respondent-Undertenant.

Tenant appeals from 1) an order of the Civil Court of the City of New York, New York County (Richard A. Tsai, J.), entered December 22, 2023, which denied its motion for summary judgment dismissing the petition in a commercial holdover proceeding; 2) an order (same court and Judge), entered March 11, 2024, after a nonjury trial, in favor of landlord and directing the Clerk to enter judgment in landlord's favor; and 3) a final judgment (same court and Judge), entered on or about March 12, 2024, awarding landlord possession and a monetary award in the sum of $1,170,185.74.

Per Curiam.
Final judgment (Richard A. Tsai, J.), entered on or about March 12, 2024, affirmed, with $25 costs. Appeals from orders (Richard A. Tsai, J.), entered December 22, 2023 and March 11, 2024, respectively, dismissed, without costs, as subsumed in the appeal from the final judgment.
Landlord was properly awarded possession and a monetary award after trial on the commercial holdover petition. A fair interpretation of the evidence supports the court's findings that tenant's commercial lease expired by its terms on July 31, 2023, and that tenant remained in possession without permission (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]).
Contrary to tenant's primary contention, the prior notice of termination served by landlord, which terminated the commercial lease as of March 27, 2023, does not affect landlord's right to relief in this case. That notice of termination served as a predicate to a prior holdover proceeding commenced by landlord based upon certain alleged lease defaults by tenant. However, that prior proceeding was subsequently discontinued. The discontinuance of the prior [*2]proceeding nullified the notice of termination and restored tenant to its former status (see Kaycee W. 113th St. Corp. Diakoff, 160 AD2d 573, 574 [1990]; Haberman v Wager, 73 Misc 2d 732 [1973]; see also Matter of Nicolaides v State of New York Div. of Hous. & Community Renewal, 231 AD2d 273 [1996]). Furthermore, the discontinuance of the prior holdover proceeding was expressly made "with prejudice to any claim by landlord for possession to the premises prior to the natural expiration of the lease on July 31, 2023."
Contrary to tenant's further contention, the petition and notice of petition adequately apprised tenant that landlord was requesting, in addition to a judgment of possession, a monetary recovery for rent and use and occupancy (see RPAPL 741; Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 889, 890 [2018]). The court's calculation of the amounts due was supported by the evidence, including the testimony of landlord's senior vice president of accounts receivable and business records. Significantly, tenant neither cross-examined landlord's witness nor proffered any evidence of its own disputing the amount due.
We have considered tenant's remaining arguments and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 26, 2024