*504 OPINION OF THE COURT
Per Curiam.
Order dated July 25, 1997 reversed, with $10 costs, motion denied and petition reinstated.
The notice of nonrenewal underlying this “owner use” holdover proceeding informed the tenant that one of the named landlords (Lin) “desires occupy [sic] for her own use and residence,” and further explained that “Ms. Lin formerly resided at 1702 Church Avenue, Brooklyn, New York in a studio apartment and managed a Laundromat on the ground floor. Her studio apartment went with the business which she managed at that time. The Laundromat business was placed on the market for sale in April 1996 and Ms. Lin, as a result, lost her job as manager and was forced to vacate wherein [sic] she moved to Newark, New Jersey. At the present time, she is in a one room apartment and desires to return to New York City.”
In such form, the nonrenewal notice complied with the specificity requirements imposed by Rent Stabilization Code (9 NYCRR) § 2524.2 (b) and governing precedent (see, Berkeley Assocs. Co. v Camlakides, 173 AD2d 193, affd 78 NY2d 1098; see also, Hughes v Lenox Hill Hosp., 226 AD2d 4, 18, lv denied 90 NY2d 829). “The absence of the words ‘primary residence’ — a legal term of art — is not fatal to the efficacy of a preliminary notice in an owner occupancy proceeding, particularly where the characterization of the intended use of the premises * * * is not inconsistent with its use as a primary residence.” (Teichman v Ciapi, 160 Misc 2d 182, 183.)
Parness, P. J., McCooe and Davis, JJ., concur.