10 N.Y.3d 542 (2008)
890 N.E.2d 880
860 N.Y.S.2d 765
DAVID S. PULTZ et al., Appellants,
v.
CATHERINE ECONOMAKIS et al., Respondents.
Court of Appeals of the State of New York.
Argued April 17, 2008.
Decided June 3, 2008.
*543 Collins Dobkin & Miller, LLP, New York City (Stephen Dobkin, Seth A. Miller and W. Miller Hall of counsel), for appellants.
*544 Rosenberg & Estis, P.C., New York City (Jeffrey Turkel of counsel), and Rose & Rose (Todd A. Rose of counsel) for respondents.
*545 Legal Services for New York City, New York City (Raun J. Rasmussen and David Robinson of counsel), and South Brooklyn Legal Services, Brooklyn (John C. Gray and Jennifer Levy of counsel), for City-Wide Task Force on Housing Court and others, amici curiae.
Borah Goldstein Altschuler Nahins & Goidel, P.C., New York City (Jeffrey R. Metz of counsel), for Community Housing Improvement Program, Inc. and another, amici curiae.
Belkin Burden Wenig & Goldman, LLP, New York City (Sherwin Belkin and Magda L. Cruz of counsel), for Rent Stabilization Association of New York City, Inc., amicus curiae.
*549 Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

*546 OPINION OF THE COURT
JONES, J.
Defendants are a married couple who own a five-story, 15-unit apartment building in Manhattan. Six of these units are rent stabilized and each plaintiff is a tenant of a rent-stabilized apartment within the building.
In June and September 2004, defendants served two plaintiffs with notices of "non-renewal of lease," stating their intention to recover possession of all of the remaining rent-stabilized apartments on the ground of owner-occupancy pursuant to Rent Stabilization Code (9 NYCRR) § 2524.2 (c) (3) and § 2524.4 (a). The notices included a statement by defendants that they "intend[ ], in good faith, to recover possession of all of the apartments located on the First, Second, Third, Fourth and Fifth Floors" of the subject building for the husband owner's personal use as a primary residence. The notices also detailed defendants' plan for converting the floors in question into their own single-family dwelling.
In October 2004, plaintiffs commenced the instant action, seeking: (1) a declaration that defendants' plan violated the Rent Stabilization Law and Rent Stabilization Code; (2) an injunction tolling the notices and enjoining defendants from instituting any holdover proceedings in Civil Court based on the notices during the pendency of this action; and (3) attorneys' fees based on defendants' breach of the residential leases with two of the plaintiffs. Plaintiffs alleged that, consistent with the legislative intent to preserve rent-stabilized housing for persons and families that occupy such housing (see Rent Stabilization Law [Administrative Code of City of NY] § 26-501), "the [Rent Stabilization Law and Code] are designed to strictly limit those situations in which an owner is permitted to remove an entire building or all of its units from the stabilized housing stock." Plaintiffs further alleged that "removal of an entire residential building" or all of its rent-stabilized units requires authorization from the New York State Division of Housing and Community Renewal (DHCR) "and compliance with the requirements for demolition or withdrawal from the housing market."[*] In June 2005, Supreme Court granted plaintiffs' motion for a preliminary *547 injunction, barring defendants from taking any action to cancel or terminate plaintiffs' leases.
Subsequently, defendants, relying on 9 NYCRR 2524.4 (a), moved for summary judgment to dismiss the complaint, arguing that the plain language of the Rent Stabilization Law and Code unambiguously permits an owner to recover "one or more dwelling units" for personal use, without limitation or DHCR approval, as long as the owner demonstrates a good faith intention to use the units as his or her primary residence (9 NYCRR 2524.4 [a]). Plaintiffs cross-moved for summary judgment on their first two causes of action.
By order entered April 14, 2006, Supreme Court granted plaintiffs' cross motion solely to the extent of entering a judgment that defendants violated the Rent Stabilization Law and Code by failing to obtain DHCR approval before attempting to regain possession of the entire building. The court determined that because defendants sought to recover all of the building units, 9 NYCRR 2524.4 (a) was inapplicable, and that permitting defendants to recover all of the rent-stabilized apartments would conflict with the intent and purpose underlying the Rent Stabilization Code. The court also rejected defendants' arguments that plaintiffs' second and third causes of action should be dismissed.
The Appellate Division reversed, holding that defendants' plan to recover rent-stabilized apartment units was governed by 9 NYCRR 2524.4 (a) ("owner occupancy" provision), not 9 NYCRR 2524.5 (a) (1) ("market withdrawal" provision). We granted plaintiffs leave to appeal and now affirm.
"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature. The starting point is always to look to the language itself and where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (State of New York v Patricia II., 6 NY3d 160, 162 [2006] [internal quotation marks, brackets and citations omitted]; see also Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]).
*548 Read together, the plain language of the Rent Stabilization Law (see Administrative Code of City of NY § 26-511 [c] [9] [b]) and the Rent Stabilization Code (see 9 NYCRR 2524.4 [a] [1], [3]) permits an owner to refuse renewal leases to rent-stabilized tenants and to recover possession of "one or more" stabilized dwelling units for his or her personal use and occupancy as his or her primary residence, or as the primary residence of a member of the owner's immediate family, without first obtaining DHCR approval. If there is more than one owner, only one of the individual owners may recover the units for his or her personal use and occupancy.
Plaintiffs maintain that 9 NYCRR 2524.5 (a) (1) (i) and the legislative intent underlying the Rent Stabilization Law and Code mandate reversal of the Appellate Division order. These arguments are unavailing.
Section 2524.5 (a) (1), by its plain terms, is triggered only when there is an attempt to withdraw any or all housing accommodations from the rental market and where the owner requires the units for use in connection with a business he or she owns or operates, or because the cost of removing violations filed by government agencies is equal to or exceeds the value of the property. Where, as here, withdrawal from the rental market is not for one of the above-stated purposes, section 2524.5 (a) (1) does not apply.
Plaintiffs' legislative intent argument presumes an ambiguity in the Rent Stabilization Code's owner-occupancy provisions with respect to defendants' actions. Of course the Legislature intended to make more rental housing available, but it also intended to allow owners to live in their own buildings if they choose to do so. The unambiguous language of 9 NYCRR 2524.4 (a) was chosen by the Legislature to reconcile these conflicting policies, and we give effect to the plain meaning of that language.
Based on the foregoing, the Appellate Division correctly granted summary judgment to, and vacated the permanent injunction against, defendants. In so ruling, we underscore that defendants may not recover the stabilized apartment units unless and until they establish in Civil Court (at holdover proceedings against plaintiffs) their good faith intention to recover possession of the subject apartments for the husband owner's personal use as the primary residence.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Order affirmed, with costs.
NOTES
[*] Plaintiffs rely on 9 NYCRR 2524.5 (a) (1) (i), which permits an owner to commence an action or proceeding in a court of competent jurisdiction to recover possession of rent-stabilized apartments where

"[t]he owner has established to the satisfaction of the DHCR after a hearing, that he or she seeks in good faith to withdraw any or all housing accommodations from both the housing and nonhousing rental market without any intent to rent or sell all or any part of the land or structure and . . .
"that he or she requires all or part of the housing accommodations or the land for his or her own use in connection with a business which he or she owns and operates" (emphasis added).