OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this owner-occupancy holdover proceeding (see Rent Stabilization Code [9 NYCRR] § 2524.4 [a]), landlords’ notice of nonrenewal stated, in relevant part:
“[0]ne of the Landlord/Owners [ ] seeks to recover possession of the premises involved for the personal use and occupancy of the premises involved by a member of the Landlord/Owner’s immediate family as their primary residence in the City of New York. Specifically, the underlying facts concerning the Landlord/Owner’s desire to recover possession of the premises involvedf ] include, but are not limited to the following: (a) Fred Giancola is one of the Landlord/Owners of the building ... in which the premises involved are located (hereinafter the ‘Building’); (b) Fred Giancola seeks, in good faith, to recover the premises involved so that it can be occupied by his son, David Giancola, who is a member of his immediate family.”
Tenant moved to dismiss the petition, arguing that the notice of nonrenewal failed to state the facts upon which the proceeding was based. Landlords opposed the motion, arguing that the notice was sufficient, in that it named the specific owner seeking use of the premises and stated that the named owner sought the use of the premises for his son, who was also named. Landlords contended that simply naming the individual seeking the premises is legally sufficient for a notice of nonrenewal in owner-occupancy cases. The court below granted tenant’s motion to dismiss the petition, finding that the notice was inadequate because it was “devoid of any information tending to support the owner’s good faith intention for seeking this particular premises.” We agree.
Rent Stabilization Code (9 NYCRR) § 2524.2 (b) requires that every notice to a tenant to vacate or surrender possession of *36 rent-stabilized premises state the ground upon which the owner relies for eviction, as well as “the facts necessary to establish the existence of such ground.” The absence of such a factual recitation renders the notice insufficient to serve as a predicate for an eviction proceeding based upon owner occupancy (Berkeley Assoc. Co. v Camlakides, 173 AD2d 193 [1991], affd 78 NY2d 1098 [1991]; Numano v Vicario, 165 Misc 2d 457 [App Term, 1st Dept 1995]; cf. Domen Holding Co. v Aranovich, 1 NY3d 117, 124 [2003]).
Landlords’ notice in this case merely tracked the language for nonrenewal upon the ground of owner occupancy (Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [1]) and provided the name of the person seeking to occupy the apartment, without setting forth any factual allegations to support landlords’ claim of a good faith intention to occupy tenant’s apartment (see Pultz v Economakis, 10 NY3d 542 [2008]; Nestor v Britt, 213 AD2d 255 [1995]). Such a notice is insufficient (see Nahum v Goldschmidt, 2003 NY Slip Op 50028[U] [App Term, 1st Dept 2003]; cf. e.g. Barrett v Silva, 18 Misc 3d 126[A], 2007 NY Slip Op 52359[U] [App Term, 2d & 11th Jud Dists 2007] [notice which set forth owner’s intended plans for apartment was sufficient]; Peng v Van Zandt, 14 Misc 3d 138[A], 2007 NY Slip Op 50272[U] [App Term, 1st Dept 2007] [notice which set forth facts demonstrating owner’s readiness to move in was sufficient]; Tze Hao Yen v Ramos, 183 Misc 2d 503 [App Term, 1st Dept 1999] [notice which set forth owner’s reason for seeking to occupy premises was sufficient]; cf. generally Pultz v Economakis, 10 NY3d 542 [2008], supra [implicitly approving a notice which detailed the owner’s plans to convert the multi-family building into a one-family structure]). To the extent that our prior decisions which preceded Berkeley may be to the contrary (e.g. Whang v Wald, NYLJ, Apr. 3, 1990, at 29 [App Term, 2d & 11th Jud Dists 1990]), they are no longer to be followed.
Accordingly, the order granting tenant’s motion to dismiss the petition is affirmed.