[897 NYS2d 596]

GEORGE BIANCO, Petitioner, v ANDREW C. SCIAULINO et al.,
Respondents.

Civil Court of the City of New York, New York County, November 9, 2009

APPEARANCES OF COUNSEL

*Collins, Dobkin & Miller, LLP*, New York City (*Seth A. Miller* of counsel), for respondents. *Cornicello & Tendler, LLP*, New York City (*Jay H. Berg* of counsel), for petitioner.

### OPINION OF THE COURT

JOSEPH E. CAPELLA, J.

According to the predicate notice, the petitioner commenced this "owner use" holdover proceeding (9 NYCRR 2524.4 [a]) to recover possession of the respondent's rent-stabilized apartment, as part of a broader effort to convert the nine apartments in the subject building into a single family home for his family. In a pre-answer motion to dismiss, the respondent tenant, Andrew C. Sciaulino, alleges that the proceeding is not ripe for adjudication (CPLR 3211 [a] [7]), because the petitioner will not be able to effectuate the plan enunciated in his notice of intent to not renew the lease (*Golub* notice), which is annexed to and made part of the petition, until he obtains possession of the other remaining apartments. He further argues that the proceeding should be dismissed because the other tenants in the building are necessary parties. (CPLR 3211 [a] [10]; 1001 [a].) In the alternative, the respondent tenant seeks a stay of this proceeding (CPLR 2201) until the other tenants in the subject building either vacate or become parties to this proceeding, or are parties to other similar proceedings subsequently commenced by the petitioner.

A proceeding is not ripe unless there exists a "real and present or imminent" problem, rather than one which is merely "abstract or hypothetical or remote." (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 518 [1986].) According to the respondent, this proceeding is not ripe because it is mere speculation as to whether the petitioner will be able to recover possession of the other units in the building. Presently there are about six other tenants, one of which holds a lease that will not expire until July 31, 2010. However, the respondent's lease expired May 31, 2009, and the petitioner was required to serve him with a *Golub* notice within a "window period" of not more than 150 days nor fewer than 90 days prior to the lease expiration. (9 NYCRR 2524.2 [c] [3]; *Golub v Frank*, 65 NY2d 900

[1985].) Otherwise, the petitioner would have been precluded from commencing this proceeding, and would have to wait until the next window period (*Berkeley Assoc. Co. v Camlakides*, 173 AD2d 193 [1st Dept 1991], *affd* 78 NY2d 1098 [1991]) to serve a new *Golub* notice.

By claiming that the proceeding is premature, and given the various lease expiration dates throughout the building, the respondent is essentially placing the petitioner in the near impossible situation of having to commence upwards of up to six holdover proceedings simultaneously, or alternatively not disclose his good faith intent (*Axelrod v Duffin*, 154 Misc 2d 310 [App Term, 1st Dept 1992]) to occupy all of the apartments in the subject building. While the amount of time that elapses before the petitioner can obtain possession of all the units in the building will depend upon a variety of factors, including the expiration dates of each of the applicable leases and/or the length of any ensuing litigation, this does not mean that the instant proceeding is not ripe. This is especially true if the petitioner has articulated a good faith intent (*Axelrod v Duffin*, 154 Misc 2d 310 [1992], *supra*) within the time constraints set forth in the Rent Stabilization Code regarding *Golub* notices (9 NYCRR 2524.2 [c] [3]). Ultimately, the petitioner's objective of obtaining complete possession of all of the apartments in the building is not beyond his control, and may occur through litigation and/or other means, such as the buyouts of other tenants or the voluntary vacatur, abandonment and/or surrender by other tenants.

As to the respondent's argument that the other tenants in the building are necessary parties, they can only be deemed such if complete relief cannot be afforded without their inclusion, or if failure to join them as parties causes them to be inequitably affected by a judgment in this proceeding. (CPLR 1001 [a]; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801 [2003].) Although a variety of factors may come into play, it is not beyond possibility that the petitioner might obtain possession of the other apartments in this building, even during the pendency of this proceeding. It may be that by the time this proceeding is ready for trial, any other apartments which the petitioner has not yet gained possession of may be involved in similar litigation so as to allow for consolidation in the form of a joint trial. In addition, a stay of this proceeding (CPLR 2201) until the other tenants in the subject building either vacate or become parties to this proceeding, or other similar proceedings

are subsequently commenced by the petitioner, may be appropriate at a later date. At this early stage of the litigation, however, dismissal on this ground would appear to require some speculation as to what will ensue during the pendency of this litigation.

Moreover, in the context of this pre-answer motion to dismiss (CPLR 3211), whereby the court should afford the pleadings a liberal construction, accept as true the facts alleged therein and accord the petitioner the benefit of every possible inference (*Frank v DaimlerChrysler Corp.*, 292 AD2d 118 [1st Dept 2002]), application of the respondent's argument would preclude an owner who wields a good faith intention of recovering possession of a rent-stabilized apartment from exercising his/her statutorily protected right. (9 NYCRR 2524.4 [a]; *Pultz v Economakis*, 10 NY3d 542 [2008].) Nor should it be forgotten that in the case of *Pultz v Economakis* (40 AD3d 24 [2007], *affd* 10 NY3d 542 [2008]), the Appellate Division, First Department, made it clear that in these type of owner use holdover proceedings, of critical importance is the "good faith" requirement that compels an owner to prove at trial that he/she possesses an honest intention to use and occupy the recovered apartments for personal use as a primary residence. "This requirement ensures that the court will scrutinize the [owner's] plan to determine whether it is genuine and, conversely, it provides the tenants with an opportunity to argue . . . that the number of apartments sought or the [owner's] lack of present occupancy cast doubt on their honest intentions" (*Pultz v Economakis*, 40 AD3d at 32).

Therefore, based on the aforementioned, the respondent's motion is denied.